ALLEN, J.
The appellant in this direct criminal appeal challenges his conviction pursuant to section 790.235, Florida Statutes (1997)(violent career criminal carrying a concealed weapon). Because an essential element of the offense was not established, we reverse the appellant’s conviction and remand with directions that judgment and sentence be entered for a lesser included offense.
*359 The argument presented in this appeal was raised before the trial court in a Florida Rule of Criminal Procedure 3.190(c) pretrial motion to dismiss the information and again in a motion for judgment of acquittal at trial. The appellant is entitled to relief pursuant to only the second motion because the first motion was not under oath as specified by rule 3.190(c).
Section 790.235, Florida Statutes (1997), makes it a first degree felony for “any person who meets the violent career criminal criteria under s. 775.084(1)(c)” to carry a concealed weapon. One of the criteria for qualifying as a violent career criminal is that the primary offense for which the defendant is to be sentenced be among a list of enumerated felonies. See § 775.084(1)(c)3. The appellant’s primary offense, which involved the possession of a concealed hunting knife, is not among that list of felonies. Because the appellant did not meet the violent career criminal criteria, an element of the offense was not established and the conviction must be reversed. But the proper remedy is not discharge of the appellant because the information alleged the elements of the lesser included offense specified in section 790.23, Florida Statutes (1998)(convicted felon carrying a concealed weapon), and the evidence produced at trial provided sufficient foundation for a conviction of that offense.
The appellant’s conviction is accordingly reversed and this case is remanded for the trial court to enter judgment and impose sentence for violation of section 790.23. See § 924.34, Florida Statutes.
BARFIELD, C.J., and BROWNING, J., concur.