PER CURIAM.
 

 Randy Riesel appeals his conviction for second-degree murder and his sentence to life in prison. He was convicted as charged, after the trial court instructed the jury on the lesser included offense of manslaughter by act as follows: “To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt: Number one, Charles David May, Jr., is dead. Number two, Randy Scott Riesel intentionally caused the death of Charles David May, Jr.” Later on the instruction also stated: “In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had premeditated intent to cause death, only an intent to commit and (sic) act which caused death.”
 
 [1]
 
 The jury was not instructed on manslaughter by culpable negligence.
 
 Cf. Joyner v. State,
 
 41 So.3d 306 (Fla. 1st DCA 2010);
 
 Salonko v. State,
 
 42 So.3d 801 (Fla. 1st DCA 2010).
 

 The manslaughter instruction in the present case is not materially different from the instruction held to be fundamental error in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), because it, too, erroneously stated that intent to kill was an element of manslaughter.
 
 Montgomery,
 
 39 So.3d at 256, 259 (manslaughter by act instruction which provided that the state must prove the defendant “intentionally caused the death of’ the victim resulted in fundamental error because the “instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill” the victim).
 
 [2]
 

 See also Hardee v. State,
 
 — So.3d —, 2009 WL 3047359, 34 Fla. L. Weekly D1946 (Fla. 1st DCA Sept. 25, 2009);
 
 Ward v. State,
 
 12 So.3d 920 (Fla. 1st DCA 2009);
 
 Stinson v. State,
 
 — So.3d —, —, 2009 WL 633133, 34 Fla. L. Weekly D570, D571 (Fla. 1st DCA Mar. 13, 2009).
 
 See generally Reddick v. State,
 
 394 So.2d 417, 418 (Fla.1981) (“The failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible.”).
 
 *887
 
 We reverse the conviction for second-degree murder and remand for a new trial.
 
 [3]
 

 Reversed and remanded.
 

 BENTON, THOMAS, and ROWE, JJ., concur.
 

 [1]
 

 . The last phrase represented an addition to the standard jury instruction on manslaughter in December of 2008.
 
 See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10,
 
 997 So.2d 403, 404-05 (Fla.2008). Mr. Riesel's trial was conducted in April of 2009.
 

 [2]
 

 . The supreme court's interim (December 11, 2008 through April 8, 2010 or June 28, 2010) manslaughter instruction failed to eliminate the requirement that the jury find intent, the defect identified in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010).
 
 But see Morgan v. State,
 
 42 So.3d 862 (Fla. 4th DCA 2010). In 2010, the supreme court further modified the standard instruction for manslaughter, in order to remedy the problem identified in
 
 Montgomery. See In re Amendments to Standard Jury Instructions in Criminal Case
 
 s—Instruc
 
 tion
 
 7.7, 41 So.3d 853, (Fla.2010) (reh. den. June 28, 2010).
 

 [3]
 

 . In the circumstances, we need not reach any of the remaining issues raised on appeal.