WEBSTER, J.
 

 In this direct criminal appeal, appellant claims that (1) the trial court committed fundamental error when it instructed the jury on the lesser included offense of manslaughter by act in appellant’s prosecution for first-degree murder with a firearm where appellant was convicted of the lesser included offense of second-degree murder with a firearm; (2) appellant’s dual convictions for possession of a firearm by a violent career criminal and possession of a firearm by a convicted felon violated the constitutional prohibition against double jeopardy; (3) the trial court erred in denying appellant’s motion for judgment of acquittal on the charges of tampering with evidence because there was insufficient evidence that appellant had knowledge of an imminent or pending investigation; and (4) the trial court erred in imposing a mandatory life sentence for possession of a firearm by a violent career criminal. Because we agree that the trial court committed fundamental error in instructing the jury on the lesser included offense of manslaughter by act and that appellant’s dual convictions for possession of a firearm by a violent career criminal and possession of a firearm by a convicted felon violated double jeopardy, we reverse appellant’s convictions for second-degree murder with a firearm and possession of a firearm by a
 
 *161
 
 convicted felon. However, we affirm as to appellant’s last two claims.
 

 Appellant was indicted for first-degree murder with a firearm, possession of a firearm by a violent career criminal, possession of a firearm by a convicted felon, and five counts of tampering with evidence. On the first-degree murder count, the jury was instructed on the lesser included offenses of second-degree murder and manslaughter by act. Without objection, the court gave the following standard jury instruction on manslaughter by act:
 

 To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt: One, [the victim] is dead; and two, the defendant intentionally caused the death of the victim.
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms.
 

 In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.
 

 At the conclusion of the trial, the jury returned verdicts finding appellant guilty of the lesser included offense of second-degree murder with a firearm and guilty as charged of possession of a firearm by a violent career criminal, possession of a firearm by a convicted felon, and five counts of tampering with evidence.
 

 At sentencing, the trial court adjudicated appellant guilty and imposed concurrent prison sentences of life for second-degree murder with a firearm, fifteen years with a three-year mandatory minimum for possession of a firearm by a convicted felon, and five years for each count of tampering with evidence followed by a life sentence for possession of a firearm by a violent career criminal. After filing this appeal, appellant filed a motion to correct a sentencing error which claimed that the trial court erred in imposing a mandatory life sentence for possession of a firearm by a violent career criminal. The trial court denied the motion.
 

 First, appellant claims that the trial court committed fundamental error when it gave the standard jury instruction on the lesser included offense of manslaughter by act, which erroneously stated that the state had to prove that “the defendant intentionally caused the death of the victim.” In
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), our supreme court held that the trial court’s use of the standard jury instruction on manslaughter by act, which erroneously required a jury finding that the defendant intended to kill the victim, constituted fundamental error in a first-degree murder prosecution wherein the defendant was convicted of the lesser included offense of second-degree murder. In December 2008, the supreme court amended this instruction to provide: “In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death,
 
 only an intent to commit an act which caused death.” In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10,
 
 997 So.2d 403, 404 (Fla.2008).. However, the instruction retained the erroneous language that the state had to prove that the defendant “intentionally caused the death” of the victim.
 
 Id.
 
 Recently, in
 
 Riesel v. State,
 
 48 So.3d 885, 2010 WL 4025863 (Fla. 1st DCA 2010), we held that, because this amended instruction still stated that intent to kill was an element of manslaughter, giving the instruction constituted fundamental error pursuant to
 
 Montgomery
 
 where the jury
 
 *162
 
 was not instructed on manslaughter by culpable negligence. Because appellant was convicted of second-degree murder (which was one step removed from the lesser included offense of manslaughter by act) and the jury was not instructed on manslaughter by culpable negligence, the trial court committed fundamental error in giving the erroneous standard jury instruction on manslaughter by act, requiring the reversal of appellant’s second-degree murder conviction pursuant to
 
 Montgomery
 
 and
 
 Riesel.
 

 Second, appellant claims that his dual convictions for possession of a firearm by a violent career criminal pursuant to section 790.235, Florida Statutes (2007), and possession of a firearm by a convicted felon pursuant to section 790.28, Florida Statutes (2007), violated the constitutional prohibition against double jeopardy. The state correctly concedes error because the indictment did not charge separate acts of possession and the offense of possession of a firearm by a convicted felon was a lesser offense the elements of which were subsumed by the greater offense of possession of a firearm by a violent career criminal.
 
 See
 
 § 775.021(4)(b)3., Fla. Stat. (2007) (expressing the legislature’s intent that a defendant is to be convicted and sentenced for each criminal offense committed in the course of one criminal episode or transaction except for “[ojffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense”).
 
 See also Williams v. State,
 
 776 So.2d 358, 359 (Fla. 1st DCA 2001) (holding that the offense of carrying a concealed firearm by a convicted felon set out in section 790.23, Florida Statutes, is a lesser included offense of the offense of carrying a concealed firearm by a violent career criminal set out in section 790.235, Florida Statutes). Dual convictions in contravention of legislative intent are a violation of the constitutional prohibition against double jeopardy and constitute fundamental error that can be raised for the first time on appeal.
 
 Kilmartin v. State,
 
 848 So.2d 1222 (Fla. 1st DCA 2003). Accordingly, appellant’s conviction and sentence for possession of a firearm by a convicted felon must be vacated.
 

 Third, appellant claims that the trial court erred in denying his motion for judgment of acquittal on the charges of tampering with evidence because there was insufficient evidence that appellant had knowledge of an imminent or pending investigation. The state correctly responds that this claim is not preserved for appeal because appellant never raised this specific argument in his motion for judgment of acquittal.
 
 See Steinhorst v. State,
 
 412 So.2d 332, 338 (Fla.1982) (holding that “in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below”). However, our supreme court has recognized that “an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved” because it “meets the requirements of fundamental error — i.e., an error that reaches to the foundation of the case and is equal to a denial of due process.”
 
 F.B. v. State,
 
 852 So.2d 226, 230-31 (Fla.2003). Because appellant has failed to show that the evidence was totally insufficient as a matter of law to establish the commission of a crime, we conclude that there was no fundamental error in this case.
 

 Finally, appellant claims that the trial court erred in imposing a mandatory life sentence for possession of a firearm by a violent career criminal pursuant to section 775.084(4)(d)l., Florida Statutes (2007), which requires that violent career criminals be sentenced to life for first-degree felonies, because sentencing should
 
 *163
 
 be controlled by section 790.235, Florida Statutes (2007), which provides in pertinent part:
 

 (1) Any person who meets the violent career criminal criteria under s. 775.084(l)(d), regardless of whether such person is or has previously been sentenced as a violent career criminal, who owns or has in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or carries a concealed weapon, including a tear gas gun or chemical weapon or device, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.088, or s. 775.084. A person convicted of a violation of this section shall be sentenced to a mandatory minimum of 15 years’ imprisonment; however, if the person would be sentenced to a longer term of imprisonment under s. 775.084(4)(d), the person must be sentenced under that provision.
 

 Otherwise, appellant claims that section 775.084(4)(d)l. would nullify section 790.285(1) by always requiring a life sentence. This claim is without merit. A trial court is required to impose a life sentence pursuant to section 775.084(4)(d)l. unless it finds that a violent career criminal sentence is not necessary for the protection of the public pursuant to section 775.084(4)(e), in which case the trial court has the discretion to impose a prison sentence of up to thirty years with a mandatory minimum of fifteen years pursuant to section 790.235(1).
 
 Pope v. State,
 
 884 So.2d 328, 329 (Fla. 2d DCA 2004). Because the trial court did not find that a violent career criminal sentence was not necessary for the protection of the public, appellant was properly sentenced to life in prison pursuant to section 775.084(4)(d)l. We also reject appellant’s claim that the trial court erred in sentencing appellant without a scoresheet since the Criminal Punishment Code did not apply pursuant to section 775.084(4)(h).
 

 In conclusion, we reverse appellant’s conviction for second-degree murder with a firearm and remand for a new trial. We also reverse and remand with directions that the trial court vacate appellant’s conviction and sentence for possession of a firearm by a convicted felon. In all other respects, we affirm.
 

 AFFIRMED in part; REVERSED in part; and REMANDED, with directions.
 

 WOLF and KAHN, JJ., concur.