PER CURIAM.
This case is one of many reaching us in the wake of State v. Montgomery, 39 So.3d 252 (Fla.2010). Mr. Noack argues that his convictions for second-degree murder and attempted second-degree murder should be overturned because the trial court gave an instruction on manslaughter by act similar to the instruction that the supreme court found to be fundamentally erroneous in Montgomery. The state properly concedes error under our cases, in which we have found the “interim” instruction given in the present case to be fundamentally erroneous. See, e.g., Pryor v. State, 48 So.3d 159, 161-62 (Fla. 1st DCA 2010); Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010). We have also found that the standard instruction for attempted manslaughter by act suffers from the same defect. See Herring v. State, 43 So.3d 823 (Fla. 1st DCA 2010); Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009); contra Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010). Because we are reversing and remanding for a new trial, we do not address Mr. Noack’s claim that he was improperly denied a peremptory challenge. See generally Melbourne v. State, 679 So.2d 759 (Fla.1996).
Reversed and remanded for a new trial.
BENTON, C.J., WEBSTER, and VAN NORTWICK, JJ., concur.