BLACK, Judge.
 

 Aaron Daniels challenges his judgment and sentence for second-degree murder. Daniels argues the trial court committed fundamental, reversible error pursuant to
 
 State v. Montgomery,
 
 89 So.3d 252 (Fla.2010), in giving the 2008 manslaughter by act jury instruction. Because we conclude that the manslaughter by act instruction given in Daniels’ case does not include an erroneous intent-to-kill element, we affirm his judgment and sentence.
 

 I. Background
 

 On May 4, 2007, after an altercation with one person at a residence, Daniels left, went to his home to retrieve his hand gun, and returned to the residence. Daniels fired one shot with the intent of hitting the man involved in the previous altercation. However, the shot hit a female bystander in the head, and she died. Daniels was charged with one count of first-degree murder.
 

 During taped interviews with officers, Daniels stated that prior to firing the shot, he saw the victim but was being approached by a group of men, including the man with whom he had previously fought. Daniels assumed the men had guns because he had a gun. Daniels fired the gun once and ran. He stated that he did not aim at the victim and that although he “probably” meant to hit one of the men, he did not mean to kill anyone.
 

 Daniels proceeded to a jury trial on September 15 and 16, 2009. The trial court instructed the jury on the charge of first-degree murder and on the lesser-included charges of second-degree murder and manslaughter by act. The manslaughter by culpable negligence instruction was neither requested nor given.
 

 As to the manslaughter by act lesser-included offense, the jury was told:
 

 Before you can find the defendant guilty of manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 ELEMENTS
 

 1. [The victim] is dead.
 

 2. Aaron Treves Daniels intentionally caused the death of [the victim].
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
 

 In order to convict of manslaughter by intentional act, it is not necessary for the state to prove that the defendant had a premeditated intent to cause death,
 
 only an intent to commit an act which caused death.
 

 (Emphasis added.)
 

 During closing arguments, Daniels’ counsel discussed the facts of the case. He argued that there was no premeditation and that Daniels lacked the malice required for second-degree murder. He then argued the applicability of manslaughter:
 

 Manslaughter, going down to the third rung of the ladder if you will. Manslaughter is distinguishable from first and second because the State doesn’t even have to prove that my client intended to kill anyone. All they have— and they don’t have to prove malice. They don’t have to prove premeditation. They didn’t have to prove conscious intent to kill. They don’t have to do any of that. What they have to prove is that he intended to do the act which caused the death of [the victim]; i.e., the pulling of the trigger on this firearm.
 

 
 *229
 
 If he intended to pull that trigger and that shot [ ] killed [the victim], and the State has proven that to your satisfaction beyond a reasonable doubt, then there is a case for manslaughter. Restated, they just have to prove that the shot wasn’t fired accidently, that it was fired intentionally.
 

 The jury found Daniels guilty of second-degree murder, and he was sentenced to life in prison with a minimum-mandatory term of twenty-five years.
 

 II. Waiver or invited error
 

 To the extent the State contends that any claim of error has been waived by virtue of defense counsel specifically addressing how manslaughter by act might apply to the facts of Daniels’ case, we disagree. It is true that “where defense counsel agrees to a standard jury instruction and then challenges the conviction based upon fundamental error in that instruction,” reversing the conviction may “have the unintended consequence of encouraging defense counsel to ‘stand mute and, if necessary, agree to an erroneous instruction[.]’ ”
 
 Joyner v. State,
 
 41 So.3d 306, 307 (Fla. 1st DCA 2010) (quoting
 
 Calloway v. State,
 
 37 So.3d 891, 897 (Fla. 1st DCA 2010)). However, we do not believe that counsel’s acquiescence, silence, or argument in favor of the challenged instruction here constitutes waiver or invited error.
 
 See also Curry v. State,
 
 64 So.3d 152 (Fla. 2d DCA 2011) (concluding that issue of fundamental error in instruction was not waived by counsel’s acquiescence to the giving of one manslaughter instruction and advice against the giving of the other). Counsel’s argument did, nonetheless, explain the specifics of the manslaughter by act instruction and would certainly have been relevant in any discussion of harmless error.
 

 III. The 2008 manslaughter by act instruction
 

 It is undisputed that manslaughter by act does not require proof of intent to kill the victim.
 
 Montgomery,
 
 39 So.3d at 255. Thus, the issue in Daniels’ case is whether the 2008 manslaughter by act instruction — as given to the jury in his case — required proof of intent to kill. Although Daniels argues that under
 
 Montgomery,
 
 the giving of the jury instruction on manslaughter by act required proof of intent to kill and thus constituted fundamental, reversible error, Daniels fails to recognize that the jury instruction given in his case was not the same instruction at issue in
 
 Montgomery.
 
 The State also fails to address this critical difference.
 

 The instruction in
 
 Montgomery
 
 provided:
 

 To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 1. [The victim] is dead.
 

 2. a. [The defendant] intentionally caused the death of [the victim].
 

 [[Image here]]
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
 

 In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
 

 39 So.3d at 256 (citing Fla. Std. Jury Instr. (Crim.) 7.7 (2006)).
 

 In 2008, prior to the supreme court’s opinion in
 
 Montgomery,
 
 but after Montgomery’s trial, the court adopted an amendment to the standard jury instruction on manslaughter by act.
 
 In re Std. Jury Instrs. in Crim. Cases-Report No.
 
 
 *230
 

 2007-10,
 
 997 So.2d 408 (Fla.2008). The amendment changed the wording of the last paragraph of the instruction, adding the clarifying phrase “only an intent to commit an act which caused death.” The amendment took effect December 11, 2008, and was not again amended until April 8, 2010, making it the applicable instruction for Daniels’ trial.
 
 See In re Amends, to Std. Jury Instrs. in Crim. Cases-Instr. 7.7,
 
 41 So.3d 853 (Fla.2010).
 

 Because the instruction in Daniels’ case is distinct from the instruction in
 
 Montgomery, Montgomery
 
 is not controlling. However, this court must still examine the issue raised by Daniels. Using the framework provided by the supreme court in
 
 Montgomery,
 
 this court must determine whether the instruction for manslaughter by act given at Daniels’ trial — the 2008 amended instruction approved by the supreme court — required proof of intent to kill in the same way that the prior instruction did. If the instruction did not require proof of intent to kill, this court need not reach the question of whether fundamental error occurred. However, if the instruction did require the intent to kill, the instruction must be considered under the fundamental error analysis.
 

 The First and Third Districts have already addressed the issue presented by Daniels. And although this court has recently stated that an instruction similar to the 2008 standard manslaughter by act instruction “focuse[d] on an intent to commit an act that caused death” rather than requiring an intent to kill, we did not reach the ultimate issue of “whether the instruction was erroneous, fundamental or otherwise.”
 
 McNeal v. State,
 
 67 So.3d 407, 409 (Fla. 2d DCA 2011) (holding that any error in the manslaughter instruction given in McNeal’s case was harmless where manslaughter was two steps removed from McNeal’s first-degree murder conviction). We now hold that the 2008 amended instruction did not erroneously require proof of intent to kill. Any error in the prior instruction was cured by the addition of language clarifying that the requisite intent was that necessary to commit an act. The 2008 amended instruction is materially different from the instruction at issue in
 
 Montgomery,
 
 and Daniels was not deprived of an accurate manslaughter instruction.
 

 In
 
 Montgomery,
 
 the supreme court concluded that the pre-2008 language that “it is not necessary for the State to prove that the defendant had a premeditated intent to cause death,” was insufficient to cure the problem with the second element of the instruction: that the State must prove that the defendant intentionally caused the death of the victim. 39 So.3d at 257. However, the
 
 Montgomery
 
 court stated that the 2008 amendment “added additional language to clarify that the requisite intent for manslaughter by act is the intent to commit an act that caused the death of the victim[.]”
 
 Id.
 
 The court went on to summarize that “the relevant intent is the intent to commit an act which caused death,” concluding that the amended language was sufficient to cure any defect resulting from the language of element two.
 
 Id.; see also Carter v. State,
 
 53 So.3d 1248, 1249 n. 1 (Fla. 2d DCA 2011) (“The [manslaughter by act] instruction was modified by the supreme court in December 2008 and eliminates the element of ‘intent to cause death,’ replacing it with ‘an intent to commit an act which caused death.’ ” (citing
 
 In re Std. Jury Instrs.,
 
 997 So.2d at 403)).
 

 The First District has addressed this issue directly and repeatedly found that the 2008 instruction was fundamentally erroneous, requiring reversal and remand for new trials to be held.
 
 See Noack v. State,
 
 61 So.3d 1208 (Fla. 1st DCA 2011);
 
 *231
 

 Pryor v. State,
 
 48 So.3d 159 (Fla. 1st DCA 2010);
 
 Riesel v. State,
 
 48 So.3d 885 (Fla. 1st DCA 2010). In so concluding, the court has found that the amended instruction “is not materially different from the instruction held to be fundamental error in
 
 [Montgomery
 
 ], because it, too, erroneously stated that intent to kill was an element of manslaughter.”
 
 Riesel,
 
 48 So.3d at 886;
 
 see Pryor,
 
 48 So.3d at 161 (“[T]he [2008] instruction retained the erroneous language that the state had to prove that the defendant ‘intentionally caused the death’ of the victim.” (citing
 
 In re Std. Jury Instrs.,
 
 997 So.2d at 404)). In
 
 Riesel,
 
 as here, the jury was not instructed on manslaughter by culpable negligence.
 
 Id.
 

 The Third District has also addressed whether the 2008 amended jury instruction on manslaughter by act is fundamentally erroneous.
 
 See Moore v. State,
 
 57 So.3d 240 (Fla. 3d DCA 2011). In
 
 Moore,
 
 the jury was instructed on both manslaughter by act and manslaughter by culpable negligence, as lesser-included offenses.
 
 Id.
 
 at 243. Although heavily relying on post-
 
 Montgomery
 
 case law distinguishing cases where both manslaughter instructions were given to affirm Moore’s conviction for second-degree murder, the Third District clearly concluded that the 2008 amended instruction “materially differs from the
 
 Montgomery
 
 instruction.” 57 So.3d at 244. The court based its affirmance on both that the instruction was not in error and that the manslaughter by culpable negligence instruction had been given.
 
 Id.
 
 (“Because the instruction given differs from the instruction given in
 
 Montgomery,
 
 and the jury was also instructed on manslaughter by culpable negligence, we find no fundamental error.”).
 

 The Third District’s
 
 Moore
 
 decision cites
 
 Morgan v. State,
 
 42 So.3d 862 (Fla. 4th DCA 2010),
 
 review granted,
 
 53 So.3d 1021 (Fla.2011), for support. In
 
 Morgan,
 
 the Fourth District concluded that the instruction on attempted voluntary manslaughter “included language clarifying that a conviction for attempted manslaughter by act does not require proof of an intent to kill” and that the “instruction given by the trial court was thus consistent with the 2008 amendment to the standard jury instruction on manslaughter by intentional act.” 42 So.3d at 863 (citing
 
 In re Std. Jury Instrs.,
 
 997 So.2d at 403). In so holding, the court affirmed Morgan’s conviction for attempted second-degree murder.
 
 Id.
 
 Although this court has certified conflict with the Fourth District’s conclusion with regard to the attempted voluntary manslaughter instruction,
 
 Houston v. State,
 
 - So.3d -, -, 2011 WL 3518029 (Fla. 2d DCA 2011), we agree with the Fourth District’s implicit statement that the 2008 amended instruction cured the defect present in
 
 Montgomery.
 

 Our conclusion is bolstered by the 2010 amendment to the manslaughter by act instruction.
 
 See In re Amends. to Std. Jury Instrs.,
 
 41 So.3d 853. In conjunction with its opinion in
 
 Montgomery,
 
 the supreme court issued the following 2010 amended instruction (new language is indicated by underlining; deleted language is struck through):
 

 To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 1. (Victim) is dead.
 

 2. a. (Defendant’s)
 
 act(s)
 
 intentionally caused the death of (victim).
 

 [[Image here]]
 

 In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had an premeditated intent to cause death, only an intent to commit an act
 
 that was not justified or excusable and
 
 which caused death.
 

 In re Amends. to Std. Jury Instrs.,
 
 41 So.3d at 854-55.
 

 
 *232
 
 Although the court eliminated reference to intentional acts or premeditated intent in the 2010 instruction, specifically deleting the word “intentionally” from element two, the clarifying phrase added in 2008 remains, with only additions to include justifiable or excusable homicide: “only an intent to commit an act ... which caused death.” We do not believe the 2010 amendment, in terms of how it defines the intent requirement for manslaughter by act, is materially different from the 2008 amendment such that it supports a finding that the 2008 amended instruction was fundamentally erroneous.
 

 Because we conclude that the instruction given at Daniels’ trial did not require the jury to find that Daniels intended to kill the victim, Daniels was not deprived of an accurate manslaughter instruction and the trial court did not fundamentally err in giving the 2008 amended instruction. We certify that this decision conflicts with
 
 Riesel v. State,
 
 48 So.3d 885 (Fla. 1st DCA 2010), and its progeny within the First District.
 

 Affirmed; conflict certified.
 

 KHOUZAM and MORRIS, JJ., Concur.