CORTINAS, J.
This is an appeal challenging the jury instructions given by the trial judge for manslaughter as fundamental error. The issue on appeal was squarely addressed and rejected by the Second District in Daniels v. State, 72 So.3d 227 (Fla. 2d DCA 2011) and the Fourth District in Morgan v. State, 42 So.3d 862 (Fla. 4th DCA 2010).
In Morgan, as in this case, the trial court gave the amended 2008 manslaughter instruction that “included language clarifying that a conviction for attempted manslaughter by act does not require proof of an intent to kill.” Id. at 863. The Fourth District held that the giving of the 2008 pattern jury instruction on manslaughter did not constitute fundamental error. Id. The fact that, in 2010, the manslaughter instruction was further clarified does not render the giving of the 2008 instruction fundamental error. The issue is simply whether or not the 2008 manslaughter instruction sufficiently addressed the concerns raised in State v. Montgomery, 39 So.3d 252 (Fla.2010).
In Daniels, the Second District also addressed the issue before us and correctly concluded that the giving of the 2008 *715 amended instruction did not constitute fundamental error. Daniels, 72 So.3d at 229-30. In Daniels, the Second District relied on our own court’s opinion in Moore v. State, which held that the 2008 amended instruction “materially differs from the instruction given in Montgomery.” Id. (citing Moore v. State, 57 So.3d 240, 244 (Fla. 3d DCA 2011)). In Daniels the Second District analyzed the differences between the jury instruction in Montgomery and the 2008 and 2010 amended instructions, concluding that both amended instructions did not require the jury to find that the defendant intended to kill the victim. Daniels, 72 So.3d at 229-30.
In Montgomery, the Florida Supreme Court addressed the pre-2008 manslaughter instruction and found that the giving of that instruction constituted fundamental error because it led jurors to believe that the State was required to prove that the defendant intended to kill the victim. Montgomery, 39 So.3d at 257. Especially relevant to our inquiry is the fact the Court in Montgomery distinguished the instruction in that case from the 2008 as well as the 2010 manslaughter instructions. The Court stated as follows:
Since Montgomery’s trial, this Court has approved an amendment to the standard jury instruction on manslaughter by act. The amendment, approved by this Court in December of 2008, added additional language to clarify that the requisite intent for manslaughter by act is the intent to commit an act that caused the death of the victim:
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death. See Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007).
In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10, 997 So.2d 403, 403 (Fla.2008). Thus, the relevant intent is the intent to commit an act which caused death, and the State is not required to prove that the defendant intended to kill the victim.
Montgomery, 39 So.3d at 257 (emphasis added).
In so doing, the Supreme Court clearly and unequivocally found that the 2008 amendment to the instruction satisfied the concerns they raised in the Montgomery opinion. Id. The 2008 amendment specifically instructed jurors that the intent that is required to be proven is “only an intent to commit an act which caused death.” This is clearly different than the prior version of the instruction, which did not clarify the relevant intent requirement for the crime of manslaughter.
Recently, in Solano v. State, 76 So.3d 897, 898 (Fla.2011), the Florida Supreme Court explained its holding in Montgomery as follows:
In State v. Montgomery, we held that because defendant Montgomery, who was convicted of second-degree murder, was entitled to an accurate jury instruction on the necessarily lesser included offense of manslaughter by act, the use of the then-standard jury instruction on manslaughter by act constituted fundamental reversible error in his case because it erroneously required the jury to find that the defendant intentionally caused the death of the victim.
Thus, once again, our Supreme Court expressly stated that its concern with the pre-2008 manslaughter jury instruction was that it erroneously required that the defendant intentionally caused the victim’s death, something that the 2008 amendment clearly and unequivocally corrected. Id.
We are aware of the First District’s holdings in Noack, Riesel, and Pryor. *716 Noack v. State, 61 So.3d 1208 (Fla. 1st DCA 2011); Pryor v. State, 48 So.3d 159 (Fla. 1st DCA 2010); Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010). Riesel held that the instructions at issue were not materially distinguishable from the instructions given in Montgomery. Riesel, 48 So.3d at 886. As such, Riesel is clearly in conflict with the Second’s District’s decision in Daniels as well as the Fourth District’s opinion in Morgan.
The Riesel court did not at all consider that the Supreme Court, in Montgomery, specifically referenced the amended 2008 jury instruction and found that instruction to be materially different insofar it makes clear that “the relevant intent is the intent to commit an act which caused death, and the State is not required to prove that the defendant intended to kill the victim.” Montgomery, 39 So.3d at 257.
Based on our holding, we agree with the Second District’s opinion in Daniels and the Fourth District’s opinion in Morgan, and certify express and direct conflict with the First District’s opinions in Noack, Riesel, and Pryor.
Affirmed.