SCHWARTZ, Senior Judge.
 

 This is an appeal from a conviction of second degree murder as charged. The only point presented arises from the fact that the jury was instructed in accordance with the “interim” manslaughter by act instruction, see
 
 In re Standard Jury Instructions in Criminal Cases (2007-10),
 
 997 So.2d 403, 404-405 (Fla.2008), as follows:
 

 To prove the crime of manslaughter as a lesser included offense to second degree
 
 *526
 
 murder, the State must prove the following two elements beyond a reasonable doubt: One[, the victim] is dead. And two[, the defendant]
 
 intentionally caused the death
 
 of [the victim.]
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms to you.
 

 In order to convict of manslaughter by intentional act,
 
 it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.
 

 (emphasis added). The issue before us is whether that instruction, like the prior version involved in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), approving, 70 So.3d 603 (Fla. 1st DCA 2009), is fundamental error. As in the controlling case of
 
 Figueroa v. State,
 
 77 So.3d 714 (Fla. 3d DCA 2011), we hold that it is not and therefore affirm.
 

 The First District has held that the instruction, which is obviously contradictory on its face — saying both that it is and is not necessary to have an intention to cause death — not only does not obviate the
 
 Montgomery
 
 defect, but that it is fundamentally erroneous, requiring a new trial even in the absence of preservation below. Accord
 
 Williams v. State,
 
 50 So.3d 1207 (Fla. 1st DCA 2010);
 
 Riesel v. State,
 
 48 So.3d 885, 886-87 (Fla. 1st DCA 2010);
 
 Pryor v. State,
 
 48 So.3d 159, 163 (Fla. 1st DCA 2010). This Court, however, squarely held to the contrary in
 
 Figueroa.
 
 Accord
 
 Daniels v. State,
 
 46 So.3d 630 (Fla. 3d DCA 2010);
 
 Morgan v. State,
 
 42 So.3d 862 (Fla. 4th DCA 2010). We both agree with and are bound by that decision.
 
 See also Moore v. State,
 
 57 So.3d 240 (Fla. 3d DCA 2011) (alternative holding; citing
 
 Morgan
 
 with approval).
 
 [1]
 

 Briefly and probably unnecessarily to add to the comprehensive discussions in
 
 Figueroa
 
 and
 
 Daniels,
 
 are the observations that the present instruction is (a) “only” internally inconsistent, and thus at least partially correct on the intent issue so that (b) the erroneous part (that manslaughter by act requires an “intent to kill,” which we know from
 
 Montgomery,
 
 it does not) could have been easily remedied by a statement which called the defect to the trial court’s attention. Thus, one of the most basic elements of fundamental error — that is, it can
 
 not
 
 be cured by timely objection — does not exist.
 

 Moreover, it is difficult to believe, much less hold, that the Supreme Court would even “authorize” a purportedly curative instruction which was fundamentally wrong.
 

 Affirmed, direct conflict is certified with
 
 Williams, Riesel
 
 and
 
 Pryor.
 

 [1]
 

 . Of course, the contentious issue involved in these cases has been laid to-rest by the second and hopefully final revision of the instruction in 2010. See
 
 In re Amendments to Standard Jury Instructions in Criminal Cases
 
 — Instruc
 
 tion 7.7,
 
 41 So.3d 853 (Fla.2010).