WETHERELL, J.
Appellant was convicted of second-degree murder and was sentenced to life in prison based on the jury’s finding that he discharged a firearm causing great bodily harm during the commission of the offense. In this direct appeal, Appellant contends that the trial court fundamentally erred in instructing the jury on the lesser included offense of manslaughter. We find no merit in this argument and, thus, affirm Appellant’s judgment and sentence.
In State v. Montgomery, the supreme court held that it was fundamental error to instruct the jury that in order to find the defendant guilty of manslaughter, the jury-must find that the defendant intended to kill the victim. 39 So.3d 252 (Fla.2010). Subsequently, in Riesel v. State, this court held that the 2008 “interim” jury instruction was fundamentally erroneous because, like the instruction in Montgomery, the revised instruction required the jury to find that the defendant “intentionally caused the death” of the victim as an element of the offense even though the instruction later provided that the jury was to find only an intent to commit an act which caused the victim’s death.[1] 48 So.3d 885 (Fla. 1st DCA 2010). See also Noack v. State, 61 So.3d 1208 (Fla. 1st DCA 2011); Williams v. State, 50 So.3d 1207 (Fla. 1st DCA 2010); Pryor v. State, 48 So.3d 159 (Fla. 1st DCA 2010).
The instruction given in this case differs from the instruction given in Montgomery and Riesel. Here, the jury was instructed:
To prove the crime of manslaughter the state must prove the following two elements beyond a reasonable doubt: First, Mr. Ware is dead. Second, Mr. Richards committed an intentional act that caused the death of Mr. Ware. However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained these terms. In order to convict of manslaughter by intentional act it is not necessary for the state to prove the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.
This instruction is substantially the same as the 2010 interim instruction which provided that the jury was required to find that the “defendants act caused the death” of the victim. In re Amendments to Standard Jury Instructions in Criminal Cases — Instruction 7.7, 41 So.3d 853 (Fla. 2010).[2] Furthermore, the instruction given is nearly identical to the recently revised 2011 version, which requires that the jury must find that the defendant “intentionally committed an act or acts that caused the death” of the victim. In re Amendments to Standard Jury Instruc *1169 tions in Criminal Cases — Instruction 7.7, 75 So.3d 210 (Fla.2011).
The instruction in this case cures the problem underlying the decisions in Montgomery and Riesel. The instruction does not erroneously inform the jury that an intent to kill is required; rather it properly instructs the jury that only an intentional act is required. Thus, this instruction does not interfere with the jury’s ability to exercise its inherent “pardon” power to find a defendant guilty of a lesser offense. Having been properly instructed, the jury had a fair opportunity to find Appellant guilty of the next lesser offense of manslaughter.
Appellant is correct that the trial court should not have instructed the jury that “it is not necessary for the state to prove the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.” That language should only be given when a defendant is charged with first-degree premeditated murder.[3] Here, Appellant was charged with only second-degree murder. However, we have previously held that the inclusion of this language in the instructions given to the jury does not rise to the level of fundamental error because “this language is a correct statement of law and because it does not affirmatively instruct the jury that an intent to kill is necessary for [ ] voluntary manslaughter.” Griffin v. State, 41 So.3d 927, 929 (Fla. 1st DCA 2010). Therefore, the language does not render the instruction as a whole fundamentally erroneous.
Finally, we reject Appellant’s contention that the manslaughter instruction was deficient because it failed to define justifiable or excusable homicide within this particular instruction. The court properly instructed the jury that justifiable homicide and excusable homicide are excluded from the crimes of second-degree murder and manslaughter. Although the court did not define those terms as part of the manslaughter instruction, it did refer the jury back to the definitions of those terms given at the beginning of the homicide instructions. This was proper. See Rojas v. State, 552 So.2d 914, 916 n. 2 (Fla.1989) (noting that the standard jury instruction referring to the previous definition for justifiable and excusable homicide adequately reminds jury that justifiable and excusable homicide are not contained within definition of crime). Additionally, the jury was given copies of the jury instructions that contained the definitions so it had the ability to refer to the definitions during deliberation.
In sum, for the reasons stated above, we affirm Appellant’s judgment and sentence.
AFFIRMED.
PADOVANO and LEWIS, JJ., concur.

. We note that the Second and Third District Courts of Appeal have certified conflict with Riesel. See Figueroa v. State, 77 So.3d 714 (Fla. 3d DCA 2011); Daniels v. State, 72 So.3d 227 (Fla. 2d DCA 2011); see also Morgan v. State, 42 So.3d 862 (Fla. 4th DCA 2010) (affirming use of attempted manslaughter instruction which was consistent with the 2008 amendment). The Florida Supreme Court has accepted review in Daniels to resolve this conflict. 79 So.3d 744, 2012 WL 416789 (Fla. Feb. 3, 2012).

. This instruction was available at the time of Appellant’s trial, but the trial court had the authority to give a modified instruction so long as the court correctly stated the law. See In the Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598 (Fla.1981).

. The 2011 amendment to the standard jury instruction removed this qualifier. This portion of the instruction is no longer limited to cases where manslaughter is a lesser included offense of first-degree premeditated murder.