LaROSE, Judge.
Max Jasper appeals his conviction for second-degree murder. The jury found that Mr. Jasper possessed and discharged a firearm in committing the offense.[1] He argues that fundamental error occurred in giving the jury instruction on the lesser offense of manslaughter by act and claims that the error prompted the jury to find him guilty of second-degree murder. We disagree and affirm his convictions and sentences.
This case involves an early morning drive-by shooting at the Groovy Mule Bottle Club in Tampa. Mr. Jasper and a friend fought with someone in the Groovy Mule. They left the club and returned shooting. A bullet struck and killed a man sitting in his car in the parking lot. As a result, Mr. Jasper and his friend faced murder charges in separate jury trials.
At Mr. Jasper’s trial, the trial court instructed the jury on second-degree murder with actual possession and discharge of a firearm, as well as the lesser offenses of murder in the second degree with actual possession of a firearm, murder in the second degree, manslaughter with a firearm or weapon, and manslaughter. The trial court also instructed the jury on justifiable homicide and excusable homicide, prior to reading the manslaughter instructions.
As to the manslaughter instructions, the trial court instructed the jury on manslaughter by act as a necessarily (category one) lesser included offense of second-degree murder and manslaughter by culpable negligence as a permissible (category two) lesser included offense. The trial court told the jury that “the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained *533 those terms.” The trial court also gave a principal instruction. See Fla. Std. Jury Instr. (Crim.) 3.5(a). Mr. Jasper did not object to the instructions as given.
Now, Mr. Jasper argues that fundamental error occurred in two ways. First, the trial court should have repeated the definitions of justifiable and excusable homicide immediately after instructing on the elements of manslaughter. Second, a flawed manslaughter by act instruction misled the jury into thinking that an intent to cause death was required.
The failure to give a complete manslaughter instruction during the original jury charge can constitute fundamental error. See Rojas v. State, 552 So.2d 914, 915 (Fla.1989); Alejo v. State, 488 So.2d 117, 118 (Fla. 2d DCA 1986). That is not what happened here. The justifiable and excusable homicide instructions were defined in the context of second-degree murder and manslaughter. Mr. Jasper hinges his argument on cases where a jury was reinstructed during its deliberations and the justifiable and excusable homicide definitions were not reread to the jury or where the complete instructions on justifiable and excusable homicide were omitted altogether when initially charging the jury on manslaughter. See, e.g., State v. Smith, 573 So.2d 306, 310-11 (Fla.1990); Rojas v. State, 552 So.2d at 915-16; Williams v. State, 591 So.2d 664, 665 (Fla. 2d DCA 1991). Those cases are inapposite. The trial court instructed Mr. Jasper’s jury properly in the original charge; there was no occasion for reinstruction.
Mr. Jasper also supports his fundamental error argument with reference to changes in the manslaughter standard jury instruction, not yet final but adopted by the supreme court shortly after his trial. See In re Amends. to Std. Jury Instrs. in Crim. Cases-Instruction 7.7, 41 So.3d 853, 854-55 (Fla.2010). The amended instruction provided for a reiteration of justifiable and excusable homicide, after the initial manslaughter instruction, without merely referring back to the prior definitions.
Manslaughter is a residual offense that can be fully defined only by exclusion of the properly explained defenses of excusable and justifiable homicide. Pena v. State, 901 So.2d 781, 786-87 (Fla.2005). Of course, where the trial court instructs the jury on a lesser included offense, the instruction must be sufficiently complete and accurate so that it does not mislead the jury- and negate a theory of defense. Alejo, 483 So.2d at 118.
We must note that neither justifiable nor excusable homicide was a material issue at trial. Mr. Jasper’s defense was that he was not involved at all in the shooting. He claimed that he was injured in the earlier brawl. He had gone home to nurse his injuries. He advanced this defense throughout the trial and sought to shift the blame to his codefendant.
We see no error, much less fundamental error. The jury heard instructions on excusable and justifiable homicide in the original jury charge. Mr. Jasper lodged no objection to the jury’s charge. No rein-struction was requested. The trial court gave complete and accurate instructions to the jury. See Franco v. State, 901 So.2d 901, 904-05 (Fla. 4th DCA 2005) (finding sufficient justifiable and excusable homicide instructions were given to jury such that it had full and fair opportunity to exercise its pardon power and refused to do so; under facts of case, any error found harmless beyond a reasonable doubt).
Similarly, we find no fundamental error as to the manslaughter by act instruction. The instruction given to the jury required elements of (1) the death of the victim and (2) that Mr. Jasper “intentionally committed an act which caused the death” of the victim. The instruction also provided that “in order to convict of manslaughter by intentional act, it is not neces *534 sary for [the] State to prove that the defendant had a premeditated intent to cause death.” This instruction did not require the jury to find that Mr. Jasper intended to kill the victim. See Daniels v. State, 72 So.3d 227, 232 (Fla. 2d DCA 2011) (finding 2008 amended instruction not fundamentally erroneous), review granted, 79 So.3d 744 (Fla.2012)[2]; Moore v. State, 57 So.3d 240, 244 (Fla. 3d DCA 2011) (“Because the instruction given differs from the instruction given in [State v.]Montgomery [, 39 So.3d 252 (Fla.2010)], and the jury was also instructed on manslaughter by culpable negligence, we find no fundamental error.”); but cf. Haygood v. State, 54 So.3d 1035, 1036, 1038 (Fla. 2d DCA) (holding that erroneous manslaughter instruction that defendant “intentionally caused” the death of the victim did not constitute fundamental error; certifying question — “If a jury returns a verdict finding a defendant guilty of second-degree murder in a case where the evidence does not support a theory of culpable negligence, does a trial court commit fundamental error by giving a flawed manslaughter by act instruction when it also gives an instruction on manslaughter by culpable negligence?”), review granted, 61 So.3d 410 (Fla.2011).
At Mr. Jasper’s trial, proof of intent to kill was not required under the manslaughter instruction and the definitions of justifiable and excusable homicide were adequate. The validity of the trial was not compromised.
Affirmed.
CASANUEVA and WALLACE, JJ„ Concur.

. The jury also returned a guilty verdict for shooting at, within, or into a building. Mr. Jasper does not appeal that conviction and resulting sentence. Mr. Jasper's trial took place in March 2010. His codefendant faced trial at a later date.

. In Daniels, 72 So.3d at 232, we certified conflict with Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010), and its progeny within the First District. The supreme court later denied review of Riesel, 66 So.3d 304 (Fla.2011).