[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14890
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-21261-WPD

RAMON PIMENTAL,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2014)

Before CARNES, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Ramon Pimental, a Florida prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Although Pimental raised several claims in his § 2254 petition, the district court granted a certificate of appealability on the following issue only: "Whether appellate counsel was ineffective in not raising on appeal the sufficiency of the Manslaughter instruction in light of the First District Court of Appeal's decision in Montgomery v. State, 70 So. 3d 603 (Fla. 1st DCA 2009)."

I.

In September 2008 Pimental was convicted in Florida state court on one count of second-degree murder, one count of robbery, and two counts of obstructing justice. His convictions stemmed from an April 2007 bar fight that resulted in the death of Osvaldo Barrios. After closing arguments at trial, the court instructed the jury that Pimental had been charged with second-degree murder, which included the lesser offenses of manslaughter and aggravated battery. The court told the jury that, if it decided that the State had not proven second-degree murder beyond a reasonable doubt, it must consider whether Pimental was guilty of either of the lesser included offenses. Pimental's ineffectiveness claim is based on the trial court's manslaughter jury instruction, which tracked the 2008 version of Florida's standard manslaughter jury instruction. See In re Standard Jury

2

Instructions in Criminal Cases — Report No. 2007-10, 997 So. 2d 403, 403–405

(Fla. 2008).  The court instructed the jury as follows:

> To prove the crime of manslaughter the State must prove the following two elements beyond a reasonable doubt.
> 1. Osvaldo Barrios is dead.
> 2. Ramon Pimental intentionally caused the death of Osvaldo Barrios.
>
> . . . .
>
> In order to convict Ramon Pimental of manslaughter by an intentional act, it is not necessary for the State to prove that Ramon Pimental had a premeditated intent to cause death.  It is sufficient if the State proves that Ramon Pimental intentionally committed an act that caused the death of Osvaldo Barrios.[1]

Over the years, various Florida appellate courts have found fault with the 2008 version of the instruction.  In October 2010 Florida's First District Court of Appeal held that the 2008 version incorrectly contained an "intent to kill" element and that its use at trial constituted fundamental error.  See Reisel v. State, 48 So. 3d 885, 886 (Fla. 1st DCA 2010).[2]  In October 2011 the Second District Court of Appeal came to the opposite conclusion and certified the issue to the Florida Supreme Court because of the conflict with the First District Court of Appeal.

---

[1] The 2008 standard jury instruction combines the last two sentences of the trial court's instruction into a single sentence: "In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death."  See In re Standard Jury Instructions, 997 So. 2d at 403.

[2] In Florida, a "fundamental error" is one that need not be objected to at trial.  See Lane v. State, 867 So. 2d 539, 541 (Fla. 1st DCA 2004).  There was no objection to the manslaughter instruction at Pimental's trial.

Daniels v. State, 72 So. 3d 227, 229–32 (Fla. 2d DCA 2011).  The Florida Supreme

Court issued its decision in June 2013, concluding that the 2008 version

erroneously included an "intent to kill" element and that its use at trial constituted

fundamental error.  Daniels v. State, 121 So. 3d 409, 418–19 (Fla. 2013).

Pimental appealed his convictions in December 2008 and the Third District

Court of Appeal summarily affirmed in November 2009.  Pimental v. State, 20 So.

3d 1012 (Fla. 3d DCA 2009) (mem.).  Therefore, Pimental's direct appeal had

concluded before any Florida appellate court had held that use of the 2008 pattern

instruction (as distinguished from the 2006 pattern instruction) qualified as

fundamental error.  Nevertheless, Pimental contends that his appellate counsel was

ineffective for failing to argue that the manslaughter instruction used at his trial

constituted fundamental error.  His argument relies on the fact that a First District

Court of Appeal opinion, issued while his direct appeal was pending, had held that

the use of the 2006 version of the standard manslaughter instruction constituted

fundamental error.  Montgomery v. State (Montgomery I), 70 So. 3d 603, 604 (Fla.

1st DCA 2009).  He also points to the fact that the Florida Supreme Court granted

review of the question of whether the use of the 2006 instruction constituted

fundamental error while his direct appeal was pending, though it did not issue its

decision until after his convictions were affirmed.  See State v. Montgomery

4

(Montgomery III), 39 So. 3d 252, 254 (Fla. 2010); State v. Montgomery

(Montgomery II), 11 So. 3d 943 (Fla. 2009).

## II.

We review de novo a district court's denial of a federal habeas petition.

Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998).  Claims of ineffective

assistance of counsel, including those challenging the actions of appellate counsel,

are governed by the standard laid out in Strickland v. Washington, 466 U.S. 668,

104 S.Ct. 2052 (1984).  See Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir.

2009) ("Claims of ineffective assistance of appellate counsel are governed by the

same standards applied to trial counsel under Strickland.").  Under that standard, a

defendant must establish (1) that his counsel's performance was deficient, and (2)

that the deficient performance was prejudicial.  Strickland, 466 U.S. at 687, 104

S.Ct. at 2064.

Our evaluation of counsel's performance under Strickland is deferential, see

id. at 689, 104 S.Ct. at 2065, as is our review of claims brought under 28 U.S.C.

§ 2254, see 28 U.S.C. § 2254(d)(1)–(2).  "[T]he result is double deference," which

is "doubly difficult for a petitioner to overcome."  Evans v. Sec'y, Fla. Dep't of

Corr., 699 F.3d 1249, 1268 (11th Cir. 2012).  Our task is to determine not whether

the Florida habeas court's denial of Pimental's <u>Strickland</u> claim was correct,[3] but instead whether that determination was objectively unreasonable, which is "a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420 (2009); <u>see also</u> 28 U.S.C. § 2254(d)(1)–(2) (providing that a federal court may not grant habeas relief on claims that were previously adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). "[I]t will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." <u>Evans</u>, 699 F.3d at 1268.

In the present case, the district court correctly concluded that the state habeas court's denial of Pimental's ineffective assistance claim was neither contrary to, nor involved an unreasonable application of, <u>Strickland</u>. To provide effective representation, lawyers are not required to "make arguments based on predictions of how the law may develop." <u>Spaziano v. Singletary</u>, 36 F.3d 1028,

---

[3] Florida's Third District Court of Appeal denied Pimental's state habeas petition in a summary disposition. <u>See Pimental v. State</u>, 50 So. 3d 1148 (Fla. 3d DCA 2010) (mem.). Even though the state court's denial was unaccompanied by a statement of reasons, it is still an adjudication on the merits entitled to deference under § 2254. <u>See Harrington v. Richter</u>, — U.S. —, 131 S.Ct. 770, 784 (2011).

6

1039 (11th Cir. 1994) (quotation marks omitted); Funchess v. Wainwright, 772 F.2d 683, 691 (11th Cir. 1985) ("The failure of counsel to anticipate that an otherwise valid jury instruction would later be deemed improper by the state judiciary does not constitute ineffective assistance of counsel."). Yet that is the basis for Pimental's Strickland claim. Pimental's direct appeal concluded in November 2009. The first Florida appellate court to conclude that use of the 2008 manslaughter instruction was fundamental error did so in October 2010, nearly a full year later. Appellate counsel's failure to anticipate that change in Florida law simply "does not constitute ineffective assistance of counsel." See Funchess, 772 F.2d at 691; see also Black v. United States, 373 F.3d 1140, 1144, 1146 (11th Cir. 2004); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995).

Pimental's claim that his appellate counsel should have relied on the Montgomery I decision (involving the 2006 manslaughter instruction) to argue that use of the 2008 version constituted fundamental error is similarly flawed. The 2006 version at issue in Montgomery I stated, "In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death." See Montgomery III, 39 So. 3d at 256. In contrast, the 2008 version provided, "In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused

death."  See In re Standard Jury Instructions, 997 So. 2d at 403 (emphasis added).

It was not until October 2010 (after the conclusion of Pimental's direct appeal) that

a Florida appellate court held that the 2008 and 2006 jury instructions were not

materially different.  See Reisel, 48 So. 3d at 886 ("The manslaughter instruction

in the present case is not materially different from the [2006] instruction . . . .").

Pimental's appellate counsel was not ineffective for failing to anticipate that

Florida courts would eventually come to that conclusion.  See Funchess, 772 F.2d

at 691; see also Pitts v. Cook, 923 F.2d 1568, 1573–74 (11th Cir. 1991).

For these reasons, we affirm the district court's denial of Pimental's § 2254

petition.

**AFFIRMED.**