NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| LEO RICHARD BERUBE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D09-4385 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed January 15, 2016.

Appeal from the Circuit Court for Pinellas
County; Thane Covert, Judge.

James Marion Moorman, Public Defender,
and Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


ON SECOND REMAND FROM THE SUPREME COURT OF FLORIDA


ALTENBERND, Judge.

On a second remand from the Florida Supreme Court, we reconsider Leo

Richard Berube's conviction for second-degree murder in light of the subsequent

decision in Griffin v. State, 160 So. 3d 63 (Fla. 2015).

This case now has a significant history. Mr. Berube was initially convicted of first-degree murder. This court reversed that conviction in a lengthy decision that detailed the facts of the case. The conviction was overturned because the trial court erroneously admitted some Williams[1] rule evidence concerning prior alleged rapes by Mr. Berube. See Berube v. State, 5 So. 3d 734, 739-42 (Fla. 2d DCA 2009) (Berube I).

At a second trial, Mr. Berube was acquitted of first-degree murder but convicted of second-degree murder. On appeal, he argued that the then-standard jury instruction for manslaughter by act, as amended in 2008, was fundamental error under the reasoning of the supreme court's decision in State v. Montgomery, 39 So. 3d 252, 259 (Fla. 2010). This court concluded that the instruction did not constitute fundamental error. Berube v. State, 84 So. 3d 436, 436 (Fla. 2d DCA 2012) (Berube II).

On review, the supreme court quashed our decision in Berube II and remanded the case for reconsideration in light of its decision in Daniels v. State, 121 So. 3d 409, 419 (Fla. 2013), which held that the instruction as amended in 2008 suffered from "the same infirmity" that the court found erroneous in Montgomery. See Berube v. State, 137 So. 3d 1019 (Fla. 2014) (Berube III).

This court then wrote a decision discussing its confusion over the application of the "one-step-removed" rule announced for preserved error in State v. Abreau, 363 So. 2d 1063, 1064 (Fla. 1978), in the context of unpreserved error. See Berube v. State, 149 So. 3d 1165 (Fla. 2d DCA 2014) (Berube IV).[2] In Berube IV, we

---

[1]Williams v. State, 110 So. 2d 654 (Fla. 1959).

[2]In Berube IV, this court inaccurately summarized Mr. Berube's argument in Berube II as arguing that the instruction concerning intent given on the next lesser offense of manslaughter was fundamentally erroneous for the reasons discussed in the

held that when an error is not preserved, the defendant has the burden of persuasion to establish that the error was harmful or prejudicial in order for the error to be treated as fundamental error. Id. at 1168. Upon full review of the record, we concluded "beyond a reasonable doubt that the giving of this instruction was not harmful." Id. at 1169.

Berube IV issued before the oral argument in Griffin. Our opinion reflected that the two cases were similar. Id. at 1167. Thus, we are confident that the supreme court was aware of our concern that the "one-step-removed" analysis seemed to transform this particular analysis for fundamental error into an analysis that is similar to per se error.

In Griffin, "the 'manner' of the crime was simply death by gunshot." Griffin, 160 So. 3d at 68. In this case, as reflected in our prior opinions, the victim was brutally strangled with a lamp cord while she was naked on a bed in a motel room. Berube IV, 149 So. 3d at 1173. There was no dispute as to the mechanism of death or that it required two minutes or longer for the victim to expire. We have carefully considered whether this significant difference between Griffin and this case would allow this court, once again, to declare that the error in the next lesser instruction was harmless.

But the opinion in Griffin emphasizes that a "defendant is entitled to an accurate instruction on the charged offenses and all lesser included offenses." Griffin, 160 So. 3d at 69 (emphasis added). The supreme court repeats the holding in Reed v. State, 837 So. 2d 366, 369 (Fla. 2002), that "whether evidence of guilt is

_____

First District's opinion in Montgomery v. State, 70 So. 3d 603 (Fla. 1st DCA 2009). In fact, Mr. Berube argued that the instruction was fundamental error under the reasoning of the First District's opinion in Pryor v. State, 48 So. 3d 159 (Fla. 1st DCA 2010), which applied the supreme court's decision in Montgomery to the instruction as amended in 2008.

- 3 -

overwhelming . . . [is] not germane to whether the error is fundamental." Griffin, 160 So. 3d at 69 (quoting Williams v. State, 123 So. 3d 23, 29 (Fla. 2013) (quoting Reed, 837 So. 2d at 369)). Thus, the supreme court has unequivocally extended the holding in Reed that overwhelming evidence could not render harmless an error in the instruction for the offense for which the defendant was convicted. Griffin makes it clear that the supreme court intends this same principle to apply when the error occurs in the instruction for the next lesser offense—at least when the charged offense and the lesser are merely two versions of a core offense, i.e. "unlawful homicide." Griffin, 160 So. 3d at 68. Accordingly, the fact that the evidence in this case was overwhelming that whoever killed this woman did so by an act that was imminently dangerous to another and demonstrated a depraved mind without regard for human life is not a factor we are allowed to consider in determining whether this error is fundamental.

Because "the burden is on the State to prove all elements involved in the degree of the homicide for which the defendant is convicted," id., unless the defendant expressly concedes the issue of intent, the supreme court concludes that the issue is in dispute and that an error regarding intent in the instruction for the next lesser offense is fundamental error that requires reversal. The court summarized its holding at the end of Griffin:

> Because Griffin was convicted of second-degree murder, an offense only one step removed from manslaughter, and because he did not concede the intent by which the homicide was committed, proof of that issue remained on the State, and remained in dispute notwithstanding Griffin's defense of misidentification. Thus, fundamental error occurred which requires a new trial.

Id. at 70.

There is no question that the State met its burden of proof in this case. But the preceding sentences can be repeated in this case with merely a change of the word, "Griffin" to "Berube." Mr. Berube did not concede that the murderer acted with the intent necessary for second-degree murder. Of course, his lawyer did not argue that the murderer acted without that intent because the jury would have found that argument incredible.

We conclude that the holding in <u>Griffin</u> requires this court to treat the jury instruction error as essentially per se error in the absence of an express concession by the defendant. Accordingly, unless we have misinterpreted the holding in <u>Griffin</u>, we are compelled to award Mr. Berube a new trial.

Reversed and remanded for a new trial.

SILBERMAN and WALLACE, JJ., Concur.