CRENSHAW, Judge.
 

 Edward Horne appeals his judgment and life sentence for second-degree murder, arguing that the trial court erred in denying his motion to suppress his pre-Miranda
 
 [1]
 
 statements to law enforcement. Although we conclude the trial court erred in admitting Horne’s pre-Miranda confession, we affirm the judgment and sentence on the basis of harmless error.
 

 Horne was charged with second-degree murder for the homicide of Jamaal Wilson, who was shot and killed in June 2007 in Winter Haven. Horne filed a motion to suppress his pr
 
 e-Miranda
 
 statements to law enforcement in which he confessed to the crime. At the hearing on the motion to suppress, three detectives from the Winter Haven Police Department testified that Horne was taken into custody and brought into an interview room. Before advising Horne of his
 
 Miranda
 
 rights, the detectives showed him a picture of the victim, played a recorded statement by Horne’s brother indicating Horne admitted to the crime, and showed Horne a recovered firearm. Following this sequence of events, Horne confessed that he shot the victim. It was only after Horne’s confession that he was advised of his
 
 Miranda
 
 rights. The trial court denied Horne’s motion to suppress because Horne’s statements were not made in response to any question.
 

 Horne argues on appeal that the trial court erred in denying his motion to suppress his
 
 -pre-Miranda
 
 statements to law enforcement because the detectives’ conduct amounted to custodial interrogation. We agree and conclude that the detectives’ pr
 
 e-Miranda
 
 conduct constituted custodial interrogation because the detectives should have known their actions were reasonably likely to elicit an incriminating response from Horne.
 
 “Miranda
 
 warnings are required before police conduct a custodial interrogation of a suspect.”
 
 State v. Martissa,
 
 18 So.3d 49, 51 (Fla. 2d DCA 2009).
 

 [T]he term “interrogation” under
 
 Miranda
 
 refers not only to express questioning, but also to any words or actions on the pai’t of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating l-esponse from the suspect.... A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. But, since the police surely cannot be held account
 
 *929
 
 able for the unforeseeable .results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they
 
 should have known
 
 were reasonably likely to elicit an incriminating response.
 

 Cuervo v. State,
 
 967 So.2d 155, 161 (Fla.2007) (quoting
 
 Rhode Island v. Innis,
 
 446 U.S. 291, 301-02, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)).
 

 Although Horne was not subjected to express questioning before he was given
 
 Miranda
 
 warnings, we conclude that the detectives’ course of action amounted to the functional equivalent of questioning. The detectives should have known that their actions of showing Horne the victim’s picture, playing the recorded statement by Horne’s brother, and showing Horne the recovered firearm, were reasonably likely to elicit an incriminating response from Horne. And because Horne was not given
 
 Miranda
 
 warnings before this course of action, we conclude the trial court erred in denying Horne’s motion to suppress.
 

 Despite this conclusion, .the admission of Horne’s pr
 
 e-Miranda
 
 statements was harmless beyond a reasonable doubt given the overwhelming evidence of guilt.
 
 See Ross v. State,
 
 45 So.3d 403, 434 (Fla.2010) (applying harmless error analysis). At trial, several eyewitnesses testified in detail about the shooting. Each witness gave consistent testimony that he or she saw Horne and the victim engaged in a verbal confrontation. And their testimony established that Horne removed a gun from his pocket, shot it in the air, and then shot the victim. We therefore hold there is no reasonable possibility that the error in admitting Horne’s pr
 
 e-Miranda
 
 statements contributed to the guilty verdict.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1138 (Fla.1986). Accordingly, we affirm Horne’s judgment and sentence.
 

 Affirmed.
 

 LaROSE and KHOUZAM, JJ., Concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).