PER CURIAM.
Edward Horne, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), alleges that appellate counsel was ineffective for failing to argue that fundamental error occurred when the court gave the then-standard jury instruction for manslaughter by act to the jury in *955 Horne’s trial for second-degree murder with a weapon. In a supplemental response to Horne’s petition, the State concedes that in light of the Florida Supreme Court’s opinion in Daniels v. State, 121 So.3d 409 (Fla.2013), Horne’s petition should be granted. We agree, and we reverse Horne’s second-degree murder conviction, vacate the sentence, and remand for a new trial.
BACKGROUND AND FACTS
Horne was charged with second-degree murder stemming from an altercation with Jamaal Wilson. Mr. Wilson and Horne ran into one another outside an apartment. The two men went into the apartment, and Mr. Wilson asked Horne if Horne had said that he was going to kill Mr. Wilson. Horne denied saying he was going to kill Mr. Wilson, and when Horne started to leave the apartment, Mr. Wilson tried to stop him. After Horne left the apartment, Mr. Wilson confronted him on the street. A crowd of Mr. Wilson’s friends encircled them, encouraging them to fight. Mr. Wilson told Horne to put down his gun and fight. At that point, Horne’s gun was in his pocket. Horne testified that he tried to get away but that he could not. Horne then pulled out his gun and fired a shot. Mr. Wilson looked down and ran away. Horne continued to fire at Mr. Wilson, who fell to the ground. Horne ran to his bicycle and rode away.
Horne was charged with the second-degree murder of Mr. Wilson and was tried by jury. The jury was instructed on second-degree murder, as well as the lesser included offenses of manslaughter by intentional act and manslaughter by culpable negligence. The jury was instructed on manslaughter by intentional act as follows:
To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt: One, Jamaal Wilson is dead; two, Edward Horne intentionally caused the death of Jamaal Wilson, or the death of Jamaal Wilson was caused by the culpable negligence of the defendant.
[[Image here]]
In order to convict of manslaughter by intentional act it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.
This instruction corresponded with the then-standard jury instruction for manslaughter by act, as amended in 2008. Horne did not object to the instruction. He was found guilty and sentenced to life in prison. This court affirmed Horne’s judgment and sentence. Home v. State, 57 So.3d 927 (Fla. 2d DCA 2011).
Nearly four months after the filing of the initial brief in Home, and while the appeal was pending with this court, the First District issued Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010). In Riesel, the First District reversed a conviction for second-degree murder and remanded for a new trial, holding that the standard jury instruction for manslaughter by act as amended in 2008 improperly imposed an additional element of intent to kill and was therefore fundamentally erroneous. No case had previously so held, although in State v. Montgomery, 39 So.3d 252, 259 (Fla.2010), the supreme court affirmed the First District’s finding that the prior version of the instruction improperly imposed an additional element of intent to kill on the offense of manslaughter by act and was therefore fundamentally erroneous. At the time of Horne’s direct appeal, this court did not consider the manslaughter by act instruction, as amended in 2008, to be erroneous, let alone fundamentally erroneous.
*956 This court subsequently certified conflict with Riesel in Daniels v. State, 72 So.3d 227, 230 (Fla. 2d DCA 2011), wherein we held that the 2008 manslaughter by act instruction was distinct from the instruction given in Montgomery and, when considered as a whole, was not erroneous. The supreme court overruled our decision and held that the 2008 amendment did not cure the erroneous requirement of proof of intent to kill. Daniels, 121 So.3d at 419. The court reasoned that the instruction as amended was not a correct and complete instruction on the crime of manslaughter by act. Id. Applying standard case law that giving “a defective instruction in a criminal case can only constitute fundamental error if the error pertains to a material element that is disputed at trial,” the supreme court held that because the issue of whether Daniels intentionally caused the death “was disputed and was pertinent and material to what the jury had to consider in order to reach its verdict,” the error was fundamental. Id. at 418-19.
ANALYSIS
To establish a claim of ineffective assistance of appellate counsel, the petitioner must show that counsel performed deficiently and that “ ‘the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.’ ” Downs v. Moore, 801 So.2d 906, 909-10 (Fla.2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985)). This court applies the law in effect at the time of the appeal to determine whether counsel’s performance was deficient, but it applies current law to determine whether the petitioner is entitled to relief. Brown v. State, 25 So.3d 78, 80 (Fla. 2d DCA 2009).
In the direct appeal in the present case, both the initial brief and the answer brief were filed prior to the issuance of the First District’s Riesel opinion. However, because our affirmance in Home did not issue until four months after the issuance of Riesel, appellate counsel performed de-ficiently by failing to request supplemental briefing to argue that the manslaughter by act instruction was fundamentally erroneous based on Riesel. Had counsel so argued, this court would have affirmed Horne’s conviction for second-degree murder; however, as we did in Daniels, we would have been compelled to certify conflict with Riesel, and we can only conclude that Horne would have ultimately been afforded relief as part of the direct appeal process. See Henry v. State, 98 So.3d 1193, 1194-95 (Fla. 2d DCA 2012) (holding appellate counsel performed deficiently by failing to seek supplemental briefing on the issue of whether the 2006 standard manslaughter by act instruction was fundamentally erroneous where the First District’s Montgome'ry decision issued after the filing of the initial direct appeal brief and the State’s answer brief but two and a half months prior to the issuance of the opinion in the direct appeal); Banek v. State, 75 So.3d 762, 764 (Fla. 2d DCA 2011) (holding appellate counsel was ineffective in failing to seek supplemental briefing on Montgomery where the initial direct appeal brief and the State’s answer brief were filed prior to the issuance of the First District’s Montgomery opinion, but this court’s per curiam affirmance did not issue until three months after the First District issued Montgomery).
In order to determine whether Horne is entitled to relief we must consider whether Horne’s intent in shooting the victim was pertinent and material to what the jury had to consider in order to reach its verdict. Horne testified that he felt his *957 life was threatened and that he intended to shoot Mr. Wilson in the leg. He did not intend to kill Mr. Wilson; he was just trying to get Mr. Wilson to leave him alone. In closing, the prosecutor argued that to find Horne guilty of manslaughter, the jury had to find “that Edward Horne intentionally caused the death of Jamaal Wilson.” Defense counsel argued that Horne had no intent to kill Wilson and that he shot at Mr. Wilson to protect himself. Thus, Horne’s intent was a primary issue at trial and giving the erroneous instruction constituted fundamental error in this case. See Daniels, 121 So.3d at 419.
Under the current law, Horne is entitled to have his conviction set aside. Because a new appeal would be redundant in this instance, we reverse Horne’s second-degree murder conviction, vacate the sentence, and remand for a new trial.
Reversed and remanded.
DAVIS, C.J., and KELLY and BLACK, JJ., Concur.