PER CURIAM.
Sergio Lopez, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), alleges that appellate counsel was ineffective for failing to argue that the then-standard jury instruction for manslaughter by act that was given to the jury *1266 in his trial for second-degree murder was fundamental error. In a supplemental response to Lopez’s petition, the State concedes that in light of the Florida Supreme Court’s opinion in Daniels v. State, 121 So.3d 409 (Fla.2018), Lopez’s petition should be granted. We agree, and for the same reasons articulated in Horne v. State, 128 So.3d 953 (Fla. 2d DCA 2013), we grant the petition, reverse Lopez’s second-degree murder conviction, vacate his sentence, and remand for a new trial.
Jimy Pedroza died after Lopez stabbed him. Lopez was charged with second-degree murder and was tried by jury. The evidence at trial showed that Lopez admitted throwing the knife at Pedroza but claimed he acted in self-defense during a fight with Pedroza, who was intoxicated and outweighed him by seventy pounds. The State contended that Lopez stabbed Pedroza in anger because he believed Pe-droza was having an affair with his wife.
The jury was instructed on second-degree murder, manslaughter by intentional act, manslaughter by culpable negligence, justifiable homicide, and excusable homicide. The instruction for manslaughter by act corresponded with the then-standard jury instruction as amended in 2008. Lopez did not object to the instruction. The jury found Lopez guilty of second-degree murder, and he was sentenced to life in prison. This court affirmed Lopez’s conviction and sentence. Lopez v. State, 88 So.3d 162 (Fla. 2d DCA 2011).
Lopez’s appellate attorney filed his initial brief on February 22, 2011, more than four months after the First District Court of Appeal issued its opinion in Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010), holding that the manslaughter by act instruction as amended in 2008 was fundamentally erroneous. Twenty-three days before this court affirmed Lopez’s conviction and sentence, this court certified conflict with the First District’s Riesel decision in Daniels v. State, 72 So.3d 227, 230 (Fla. 2d DCA 2011). The Florida Supreme Court ultimately overruled our decision, holding that the amended instruction still erroneously required proof of an intent to kill. Daniels, 121 So.3d at 419.
Lopez is entitled to relief because his intent was pertinent and material to what the jury had to consider in order to reach its verdict. See Horne, 128 So.3d at 957. Lopez admitted that he threw the knife at Pedroza but argued that he did not intend to kill Pedroza. If the jury found that the State did not prove Lopez acted with evil intent but that his acts were not justifiable or excusable under the law, manslaughter would have been the appropriate verdict. But the faulty instruction on manslaughter by act deprived the jury of the ability to decide whether Lopez’s lack of intent to kill, when considered with all the other evidence, fit within the elements of the offense of manslaughter. See Haygood v. State, 109 So.3d 735, 742-13 (Fla.2013) (holding that the jury instruction on manslaughter by culpable negligence does not cure the fundamental error in giving an erroneous manslaughter by act instruction where the defendant is convicted of second-degree murder and the evidence supports a finding of manslaughter by act, but it does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant). The only non-intentional homicide offense remaining for the jury’s consideration was second-degree murder; therefore the jury was deprived of all the tools it needed to reach a proper verdict. Id. at 743.
Accordingly, we grant the petition. Because Lopez is entitled to have his conviction set aside, a new appeal would be redundant in this instance. Therefore we reverse Lopez’s second-degree murder *1267 conviction, vacate the sentence, and remand for a new trial.
Petition granted.
SILBERMAN, BLACK, and SLEET, JJ., Concur.