PER CURIAM.
Petitioner’s motion for rehearing, certification, and request that the court issue a written opinion is granted. The prior order dated April 16, 2014, is withdrawn, and the attached opinion is issued in its place.
Deneal Brown filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(d) claiming that his appellate attorney should have challenged, as fundamental error, the trial court’s use of the standard jury instruction for manslaughter by intentional act. We conclude that Mr. Brown is entitled to no relief.
Mr. Brown was charged with second-degree murder, and he testified at trial that his friend shot the victim in self-defense. Defense counsel argued in closing that the victim was the aggressor, and the shooting was self-defense. The State disputed the presence of Mr. Brown’s friend as well as Mr. Brown’s argument *884 that the shooting was self-defense. The State argued that Mr. Brown’s act of shooting the victim in the torso demonstrated a depraved mind without regard for human life. The jury found Mr. Brown guilty as charged, and the trial court sentenced him to life in prison with a twenty-five-year mandatory minimum term in accordance with the jury’s findings that he discharged a firearm during the commission of the offense and that the discharge caused the victim’s death.
Because Mr. Brown was charged with second-degree murder and his intent was not disputed at trial, the only disputed issues the jury had to consider in deciding whether to find Mr. Brown guilty of second-degree murder or manslaughter were whether his friend shot the victim or, if not, whether Mr. Brown’s actions were justified as self-defense. Based on the reasoning of Richards v. State, 128 So.3d 959, 963-64 (Fla. 2d DCA 2013), we conclude that Mr. Brown is not entitled to relief.
Petition denied.
ALTENBERND, KELLY, and WALLACE, JJ., Concur.