IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 5, 2014

STEVEN D. HOLLAND,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )        Case No.  2D07-5576
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
                                      )
_____)

BY ORDER OF THE COURT:

        Upon consideration of the motion for rehearing filed by the appellant on

September 5, 2014, and the motion for rehearing filed by the appellee on September 5,

2014,

        IT IS ORDERED that the appellant's motion for rehearing is denied and the

appellee's motion for rehearing is treated as a motion for clarification and is granted.

Accordingly, the opinion dated August 22, 2014, is withdrawn, and the attached opinion

is substituted therefor.  No further motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


JAMES BIRKHOLD, CLERK

c:      Pamela H. Izakowitz, Asst. P.D.
        Dawn A. Tiffin, Asst. A.G.

STEVEN D. HOLLAND, )
)
        Appellant, )
)
v. )      Case No. 2D07-5776
)
STATE OF FLORIDA, )
)
        Appellee. )
_____)

Opinion filed November 5, 2014.

Appeal from the Circuit Court for Sarasota
County; Deno G. Economou, Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Appellee.

ON REMAND FROM THE
SUPREME COURT OF FLORIDA

SILBERMAN, Judge.

        In November 2007, Steven D. Holland was convicted of attempted first-degree murder and second-degree murder for the shooting of his on-again, off-again girlfriend and the man she agreed to meet one night after her bartending shift. This court affirmed and rejected Holland's challenge to his second-degree murder conviction based on what he asserted was an erroneous jury instruction for the lesser-included offense of manslaughter by act. See Holland v. State, 22 So. 3d 129, 130 (Fla. 2d DCA

2009).[1]  The case law regarding this jury instruction has significantly developed since then, and the Florida Supreme Court recently quashed our decision and remanded for reconsideration of the jury instruction issue.  See Holland v. State, 137 So. 3d 1020, 1020 (Fla. 2014) (table).  Upon reconsideration, we affirm Holland's conviction for attempted first-degree murder but reverse the second-degree murder conviction and remand for a new trial.

After we affirmed Holland's convictions on direct appeal, the supreme court ruled that the standard jury instruction on manslaughter by act that was given in this case is erroneous because it requires an intent to kill.  See State v. Montgomery, 39 So. 3d 252, 257 (Fla. 2010).  The court also ruled that if defense counsel does not object to this instruction at trial reversal will be required on appeal only upon a determination that the instruction gave rise to fundamental error.  See id. at 258.  And the court set forth the following test for determining whether the erroneous manslaughter by act instruction gave rise to fundamental error:  (1) the defendant must have been convicted of an offense not more than one step removed from manslaughter by act, (2) the element of intent must have been in dispute, and (3) the erroneous instruction must have been pertinent or material to what the jury had to consider in reaching its verdict.  See Haygood v. State, 109 So. 3d 735, 740 (Fla. 2013); Montgomery, 39 So. 3d at 258-59.

Because defense counsel failed to object to the erroneous manslaughter instruction at trial, we must determine whether it gave rise to fundamental error.  There is no dispute that Holland's conviction for second-degree murder is not more than one

---

[1]We also rejected Holland's challenge to the admission of certain evidence, and we do not address that issue further.

step removed from manslaughter by act. Therefore, we must determine whether the element of intent was in dispute and whether the erroneous instruction was pertinent or material to what the jury had to consider in reaching its verdict.

When the element of intent is in dispute, the faulty manslaughter by act instruction deprives the jury of its ability to decide whether the defendant's lack of intent to kill in conjunction with the attendant circumstances established the crime of manslaughter by act. Haygood, 109 So. 3d at 743. In Haygood, because the jury determined that the defendant did not have the intent to kill, the only applicable non-intentional offense remaining for consideration was second-degree murder. And because the jury was improperly instructed as to manslaughter, it was "deprived of all the tools it need[ed] to reach a proper verdict." Id.

At trial, the State presented evidence that Holland and Kelly McKenna had been involved in a tumultuous on-again, off-again relationship. McKenna was bartending at a pub on the night of the shooting. During her shift, she met a man named Derek Blanton and agreed to meet up with him after work. At 3:15 a.m., McKenna pulled her car up next to Blanton's in the pub parking lot. As she was speaking to Blanton and his passenger through her front passenger side window, Holland appeared outside her driver side window. Holland was jealous and told McKenna she was going home with him. Blanton intervened, and Holland and Blanton got into a fistfight. Blanton appeared to be getting the better of Holland, but Blanton's friend was able to separate the two men. Holland returned to his car and got inside. Blanton and McKenna approached Holland's car, and the three started arguing again.

What happened next was hotly disputed at trial. Holland testified that Blanton punched him in the head while Holland was sitting in his car, and Blanton's friend corroborated this in his statement to the police. But Blanton's friend recanted at trial, and McKenna did not see Blanton punch Holland through the window. It is undisputed that Holland reached into his glove compartment, pulled out a .38 caliber revolver, and fired two shots. One of the shots went through McKenna's thumb and struck Blanton in the back and killed him.

Holland fled the scene and was located by the police not long afterward. He initially asserted that he left the scene before any shots were fired. He eventually admitted that he fired the shots but claimed that he did so in self-defense. Importantly, Holland never admitted that he intended to shoot Blanton or McKenna. He consistently maintained that he fired the gun in Blanton's general direction to stop Blanton from pummeling Holland in his car.

The supreme court has held that when a defendant argued that he intended to shoot a firearm but did not intend to kill the victim, the element of intent was in dispute for purposes of the fundamental error analysis. See Daniels v. State, 121 So. 3d 409, 418 (Fla. 2013). In Daniels, the defendant was involved in an altercation when he and some friends went to confront his former girlfriend's new boyfriend. Id. at 411. When the defendant and his friends approached, they were met by the boyfriend and a group of his friends. The defendant retreated, procured a firearm, and returned to the scene. He was again approached by the boyfriend and his group of friends. Assuming that they had a gun, the defendant fired a shot toward the group and fled the scene. The shot struck and killed a female bystander.

At his trial for first-degree murder, the defendant in <u>Daniels</u> claimed that he did not intend to kill anyone but that he fired the gun into the crowd to scare them away. <u>Id.</u> at 418. His testimony was corroborated by a friend's testimony that, when he retrieved the gun, the defendant told her he intended to use it to scare someone. Based on the evidence and arguments presented, the supreme court concluded that the defendant's intent was in dispute.

In <u>Horne v. State</u>, 128 So. 3d 953, 957 (Fla. 2d DCA 2013), this court relied on <u>Daniels</u> to conclude that the erroneous manslaughter instruction constituted fundamental error. There, the defendant was convicted of second-degree murder based on evidence that he pulled out a gun during a fistfight and fired it at his opponent. <u>Id.</u> at 955. In determining that the defendant's intent was in dispute, this court explained that the defendant testified that he intended to shoot the victim in the leg because the defendant felt his life was threatened. <u>Id.</u> at 956-57. And defense counsel argued that the defendant did not intend to kill the victim but shot at the victim to protect himself. <u>Id.</u> at 957; <u>see also</u> <u>Lopez v. State</u>, 136 So. 3d 1265, 1266 (Fla. 2d DCA 2014) (relying on <u>Horne</u> to find the erroneous manslaughter instruction constituted fundamental error when the defendant admitted that he threw a knife at the victim but argued that he did not intend to kill the victim and acted in self-defense).

In this case, as in <u>Daniels</u> and <u>Horne</u>, Holland asserted that he intended to shoot a firearm but did not intend to kill Blanton or McKenna. Both Holland and defense counsel repeatedly emphasized that Holland shot in Blanton's direction, as opposed to directly at Blanton. Arguably, this testimony was supported by the physical evidence

- 5 -

suggesting that Holland's bullet struck McKenna's thumb first and then fatally injured Blanton.

If the jury found that Holland did not have the intent to kill but that his acts were not justifiable or excusable under the law, the jury would have had to determine whether Holland's lack of intent to kill, when considered with all the other evidence, fit within the elements of the offense of second-degree murder or manslaughter by act. But the erroneous manslaughter instruction rendered second-degree murder the only offense realistically available to the jury and therefore deprived it of all the tools it needed to reach a proper verdict. Therefore, the element of intent was in dispute and the erroneous instruction was pertinent and material to what the jury had to consider. Accordingly, the erroneous manslaughter by act instruction gave rise to fundamental error.

We reject the State's argument that our recent decisions in Richards v. State, 128 So. 3d 959 (Fla. 2d DCA 2013), and Saldana v. State, 139 So. 3d 351 (Fla. 2d DCA 2014), require a different holding. In Richards, the defendant was convicted of attempted second-degree murder[2] based on evidence that he stabbed the victim in the neck during an altercation. 128 So. 3d at 961. The defendant admitted that he stabbed the victim but claimed he did so in self-defense to keep from being choked to death. This court rejected the defendant's argument that the attempted manslaughter instruction was fundamentally erroneous in part because the element of intent was not disputed at trial. Id. at 963. This court explained its reasoning as follows:

---

[2]The instruction for attempted manslaughter was held to be erroneous because it suffered from the same defect as the instruction for the completed crime of manslaughter. See Williams v. State, 123 So. 3d 23, 27 (Fla. 2013). The fundamental error analysis is the same for both crimes. See id. at 29.

- 6 -

> Mr. Richards never claimed that he did not intend to kill Mr. Russell. Mr. Richards' sole defense was that the stabbing was done in self-defense. So, in deciding whether to find Mr. Richards guilty of attempted second-degree murder or any of the lesser offenses, the only issue that was disputed that the jury had to consider was whether Mr. Richards' actions were justified as self-defense.

Id.

In <u>Saldana</u>, this court relied on <u>Richards</u> to determine that the attempted manslaughter by act instruction did not give rise to fundamental error because the element of intent was not disputed at trial. 139 So. 3d at 353. This court explained that the defendant never disputed that he intended to shoot the victim and that his sole defense was self-defense. "Thus, the only disputed issue for the jury to consider was whether Saldana's use of force was justified as self-defense." <u>Id.</u>; <u>see also</u> <u>Brown v. State</u>, 39 Fla. L. Weekly D1350, D1350 (Fla. 2d DCA June 27, 2014) ("[T]he only disputed issues the jury had to consider in deciding whether to find Mr. Brown guilty of second-degree murder or manslaughter were whether his friend shot the victim or, if not, whether Mr. Brown's actions were justified as self-defense.").

We find this line of cases inapposite because Holland never admitted that he intended to kill Blanton and both Holland and defense counsel repeatedly emphasized that Holland shot in Blanton's direction, as opposed to directly at Blanton. While Holland's main defense was that he was justified in his actions because he was attacked by Blanton, self-defense was not Holland's only theory of defense. If the jury found that his acts were not justifiable or excusable under the law, it would have been required to consider whether Holland's intent, when considered with all the other

- 7 -

evidence, fit within the elements of the offense of second-degree murder or manslaughter by act.

In summary, the standard jury instruction on manslaughter by act that was given in this case is erroneous because it requires an intent to kill. Although defense counsel did not object to this instruction at trial, it gave rise to fundamental error because: (1) Holland was convicted of an offense no more than one step removed from manslaughter by act, (2) the element of intent was in dispute, and (3) the erroneous instruction was pertinent and material to what the jury had to consider in reaching its verdict. Accordingly, we affirm Holland's conviction for attempted first-degree murder but reverse the second-degree murder conviction and remand for a new trial.

Affirmed in part, reversed in part, and remanded.

KELLY and WALLACE, JJ., Concur.