NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| JOSEPH COLEMAN, DOC #759861, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )    Case No. 2D13-2700 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Opinion filed January 30, 2015.

Appeal from the Circuit Court for Pasco
County; Pat Siracusa, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin E. Leisure, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Appellee.


WALLACE, Judge.

The State charged Mr. Coleman with the attempted first-degree murder

and kidnapping of his wife, Sylvia Coleman. Following a jury trial, Mr. Coleman was

convicted of attempted second-degree murder, a lesser-included offense, and

kidnapping. We affirmed his convictions and sentences on direct appeal. Coleman v.

State, 63 So. 3d 760 (Fla. 2d DCA 2011) (table decision).

Thereafter, on April 25, 2013, we granted Mr. Coleman's petition for ineffective assistance of appellate counsel to the extent that we found appellate counsel was ineffective for failing to argue on direct appeal that the trial court's giving of the then-standard jury instruction on the lesser-included offense of attempted manslaughter by act constituted fundamental error requiring a new trial. Coleman v. State, 110 So. 3d 971 (Fla. 2d DCA 2013) (per curiam). We granted Mr. Coleman a belated direct appeal on this issue only, which is the subject of this proceeding. We now reverse Mr. Coleman's conviction and sentence for attempted second-degree murder and remand for a new trial on that offense.

It is well-settled "that giving the standard jury instruction on attempted manslaughter by act—which . . . requires the jury to find the defendant committed an act intended to cause death— . . . constitutes fundamental error where the defendant is convicted of an offense not more than one step removed from attempted manslaughter." Williams v. State, 123 So. 3d 23, 24 (Fla. 2013). Further, to constitute fundamental error, the erroneous instruction must apply "to an element of the crime that is in dispute and 'is pertinent or material to what the jury must consider' to convict." Id. at 29 (quoting Montgomery v. State, 39 So. 3d 252, 258 (Fla. 2010)); see also Saldana v. State, 139 So. 3d 351, 352-53 (Fla. 2d DCA 2014) (noting same).

Although Mr. Coleman did not introduce any evidence at trial, Mr. Coleman's trial attorney argued during closing argument that if the jury believed that Mr. Coleman shot the victim, the State had not established that he possessed the intent to kill the victim when he shot her. Counsel further argued how the evidence tended to show that Mr. Coleman lacked such an intent, and he directed the jury's attention to the

victim's description of the incident, which arguably could be interpreted to suggest that the gun discharged by accident. Thus Mr. Coleman's intent was indisputably at issue at trial and was pertinent to what the jury had to consider to convict Mr. Coleman on the primary offense or one of the lesser-included offenses.[1] See Williams, 123 So. 3d at 29.

Because Mr. Coleman was convicted of an offense no more than one step removed from the offense of attempted manslaughter by act and because Mr. Coleman's intent was in dispute and was pertinent to what the jury had to consider in reaching its verdict, we conclude that the trial court's giving of the faulty instruction in this case constituted fundamental error. See Williams, 123 So. 3d at 24, 29; see also Lopez v. State, 136 So. 3d 1265, 1266 (Fla. 2d DCA 2014). Accordingly, we reverse Mr. Coleman's conviction for attempted second-degree murder and remand for a new trial on that offense.

Reversed and remanded for a new trial.

NORTHCUTT and MORRIS, JJ., Concur.

---

[1]Mr. Coleman argued in his brief that his intent to cause the death of the victim was at issue because he pleaded not guilty to "all of the charges" and thus the State "was required to prove each and every element." In addition, citing to this court's decision in Hill v. State, 124 So. 3d 296 (Fla. 2d DCA 2013), Mr. Coleman argued that the prosecutor placed Mr. Coleman's intent at issue by arguing that one of the elements that the State needed to prove to establish his guilt for "attempted voluntary manslaughter was that Mr. Coleman 'intended to cause the death of Sylvia.' " Because Mr. Coleman's trial counsel argued directly to the jury that the State failed to establish that Mr. Coleman intended to kill the victim, we need not address these arguments further.