MARSTILLER, J.
Markel Latrae Bass (“Appellant”) challenges his convictions and sentences for second-degree murder and armed robbery, raising three issues on appeal. We affirm on all issues, but discuss only Appellant’s claim that the trial court reversibly erred in permitting the State to play a recorded jailhouse phone call between him and his mother during which he purportedly made statements related to plea negotiations.
Appellant’s charges stemmed from the robbery and murder of a drug dealer. Prior to trial, the State filed a motion in limine seeking to admit a portion of the conversation, recorded on April 4, 2012, at the Bay County jail. Attached to the motion was the following transcribed exchange between Appellant and his mother:
Mother: So how man... You expect to walk out of this with no years? Nothing.
Appellant: No, no.
Mother: Okay.
Appellant: I will ... I will take some, but I’m not going to take no 20 years.
Mother: What you willing to take?
Appellant: I ... I would take like 15 ... like I told her, I say, if you will give me 15 or 16 years. She say they not going to go off of 20 years.
The State posited that Appellant’s statements evinced consciousness of guilt and were not protected plea negotiations because Appellant was not speaking to a prosecutor or police officer.
At the motion hearing, defense counsel explained she had received a 20-year plea offer from the State on March 30, and that she discussed the offer with Appellant at the jail on April 3. Appellant wanted to speak with his family about the offer, but the jail apparently would not allow him to make the call. He was eventually able to speak with his mother on April 4, at which *1035 time the recording at issue was made. Appellant declined the State’s offer on April 5. Defense counsel argued the phone discussion was in connection with a plea offer because there was a specific offer on the table and this offer was the subject of the phone call. The prosecutor responded, “If the conversation was with me or with law enforcement, I’d agree with all of that, but not with his mama at the jail on a phone call.” The trial court granted the motion in limine, and the recorded excerpt was played for the jury during the State’s case in chief and during closing arguments. The excerpt the jury heard ended with:
Mother: You say you will take 16 mandatory.
Appellant: Yeah.
We review the trial court’s ruling on the motion in limine for abuse of discretion. See Patrick v. State, 104 So.3d 1046, 1056 (Fla.2012). ‘“[A] trial court abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.’” Id. (quoting McDuffie v. State, 970 So.2d 312, 326 (Fla.2007)).
As to statements concerning plea negotiations, the Florida Evidence Code provides:
Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837.
§ 90.410, Fla. Stat. (2011) (emphasis added). Similarly, Florida Rule of Criminal Procedure 3.172Q) states:
Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
In determining whether a defendant’s statements were made in connection with plea negotiations, “courts should first apply the plain meaning of the statute and rule[.]” Calabro v. State, 995 So.2d 307, 314 (Fla.2008). If the answer remains unclear, courts should then apply the totality-of-the-circumstances analysis in United States v. Robertson, 582 F.2d 1356, 1366 (5th Cir.1978), which requires consideration of two factors: whether the defendant had a subjective expectation of engaging in plea negotiations when the statements were made, and, if so, whether the expectation was objectively reasonable. See Schoenwetter v. State, 46 So.3d 535, 546-47 (Fla.2010); Calabro, 995 So.2d at 314; Richardson v. State, 706 So.2d 1349, 1352-53 (Fla.1998).
We conclude that under either analysis, the trial court did not abuse its discretion by granting the State’s motion in limine and playing for the jury Appellant’s statements to his mother. Although, according to defense counsel’s representations to the trial court, an offer from the State was pending, Appellant was simply responding to his mother’s query about how long a sentence he would be “willing to take.” (“I’ll take some, but I’m not going to take no 20 years.... I’ll take like 15.”) And even if, as defense counsel argued to the trial court, the conversation was about the pending offer, nothing Appellant said to his mother about accepting “15 or 16 years” was previously, or subsequently, communicated to the State in response to its offer. Therefore, Appellant’s statements were not made “in connection with” an offer to plead, as contemplated by section 90.410 and rule 3.172(i).
*1036 Moreover, it is apparent from the context of the recorded conversation — and from the time line defense counsel gave at the motion hearing — that Appellant was relating to his mother the discussion he had had with his attorney, not statements conveyed to the State in furtherance of plea negotiations. At best, Appellant’s statements expressed what he had hoped to get from the State, but no counter-offer had been communicated at that point; nor, it appears, was one forthcoming. (“She say they not going to go off 20 years.”) Indeed, the day after the telephone conversation, Appellant rejected the State’s offer and proceeded to trial. Thus, for purposes of determining whether the statements were admissible, it cannot be said Appellant had a subjective expectation of engaging in plea negotiations when he was talking to his mother. Consequently, the first Robertson factor was not met, and there was no bar to admitting Appellant’s statements at trial.
AFFIRMED.
VAN NORTWICK, J., concurs; WOLF, J., concurs with opinion.