# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1425

_____

DERICK LEVELL JONES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

September 9, 2019

PER CURIAM.

Derick Levell Jones challenges his conviction for robbery with a weapon, arguing that the trial court should have granted his motion to exclude an out-of-court identification by the robbery victim. Because his argument was not preserved, we affirm.

*Facts*

Jones moved to exclude testimony about the victim's out-of-court identification of Jones as the perpetrator of the robbery. At the motion hearing, Investigator Jimmie Tatum and Deputy Lionil Martinez testified that they interviewed the victim, who spoke Spanish. Martinez was the only Spanish-speaking officer available at the time. Tatum and Martinez showed the victim a

BOLO with three pictures on it.  Tatum testified that the person depicted in the BOLO was not Jones, but another suspect they were trying to identify.  The victim said that the person who robbed him was "a bit more bearded."  Tatum obtained a photo line-up created by the Intelligence Unit.  He gave the line-up to Martinez and left the room.  Martinez read the victim the instructions for the line-up in Spanish.  Martinez did not know which photo in the line-up depicted Jones.  When Martinez showed the line-up to the victim, the victim picked Jones' photograph and identified Jones as the person who robbed him.

Defense counsel made several arguments in support of his motion to exclude the identification:  (1) the line-up was not presented by an independent administrator as required by statute, (2) the translated instructions for the line-up did not follow the instructions on the form, and (3) the officers were not completely honest with the court about what happened before the identification.  The prosecutor asserted that the statute requiring an independent administrator was not in effect when the line-up was administered, that nonetheless Martinez was an independent administrator, that the officers followed the proper procedures when administering the line-up, and that any variations in the instructions were attributable to Martinez translating the instructions into Spanish for the victim.

The trial court denied the motion.  Jones went to trial and was convicted of robbery with a weapon.  This appeal follows.

*Analysis*

We review the trial court's denial of a motion in limine for an abuse of discretion.  *Bass v. State*, 147 So. 3d 1033, 1035 (Fla. 1st DCA 2014).  Before excluding an out-of-court identification, the trial court must consider two factors:  "(1) did the police employ an unnecessarily suggestive procedure in obtaining an out-of-court identification; [and] (2) if so, considering all the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification."  *Simmons v. State*, 934 So. 2d 1100, 1118 (Fla. 2006) (quoting *Grant v. State*, 390 So. 2d 341, 343 (Fla. 1980)).

2

Jones argues that the identification was unnecessarily suggestive because the victim was shown pictures of Jones in a BOLO before being shown the photo line-up. This argument was not preserved. Jones never presented this argument to the trial court, so it cannot be addressed for the first time on appeal. *Pryor v. State*, 48 So. 3d 159, 162 (Fla. 1st DCA 2010).

Even if the argument had been preserved, the identification procedure used here was not unnecessarily suggestive. Tatum testified that the BOLO shown to the victim before he viewed the photo line-up did not include a picture of Jones. The photo line-up was created by the Intelligence Unit, not by the lead investigator. There was no testimony that Jones was the only person in the photo-line up that matched the description given by the witness. *Carrasco v. State*, 470 So. 2d 858, 860 (Fla. 1st DCA 1985). The video recording of the identification process shows that Martinez did not direct the victim's attention to any one picture in the line-up. *Cf. Walton v. State*, 208 So. 3d 60, 65 (Fla. 2016) (explaining that an identification procedure was unnecessarily suggestive when the detective repeatedly drew the witness's attention to the picture depicting the defendant). Instead, Martinez told the victim that he did not have to make an identification and he should take his time when examining the photographs. The victim conveyed that he understood the directions. Based on this record, we find the procedure used by the officers was not unnecessarily suggestive.

Finding no error in the trial court's denial of the motion in limine, Jones' judgment and sentence are AFFIRMED.

B.L. THOMAS, ROWE and OSTERHAUS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Criminal Appeals, Tallahassee, for Appellee.