# First District Court of Appeal
## State of Florida

_____

No. 1D2022-0836
_____

RUBEN CHRISTOPHER GOODSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

January 17, 2024

WINOKUR, J.

Ruben Christopher Goodson was convicted of attempted first-degree murder and possession of a firearm by a convicted felon. On appeal, Goodson argues that the trial court erred in denying his motion in limine to exclude evidence that he was on probation at the time he committed the crime and in denying his motion to suppress an out-of-court lineup identification by the victim. We affirm.

In the early hours of October 22, 2019, the victim, Melanie Gonzalez, and her friend, Catherine Fernandez, were returning home when they got a flat tire. While Fernandez repaired the flat tire, Goodson—a friend of Fernandez's—arrived to help. After the tire was fixed, the three returned to Goodson's apartment to

consume alcohol and smoke cannabis. While at the apartment Goodson told Gonzalez and Fernandez several times that he was under house arrest. After disclosing his house arrest status, Goodson discovered that Gonzalez was applying to work for the Florida Department of Corrections. After that conversation, the mood suddenly changed.

Gonzalez told Fernandez that she felt uncomfortable and the two decided to leave. Goodson offered to walk them out and instructed the two ladies to walk in front of him. When Gonzalez tried to enter her car, Goodson pulled out a handgun and shot her. The bullet went through her nasal cavity into her left cheek, but Gonzalez managed to drive away and find police officers nearby.

After Tallahassee police investigated the incident and Gonzalez went to the hospital for her injury, Gonzalez identified Goodson as her shooter in a photographic lineup. Before the lineup, Gonzalez received Goodson's phone number and Instagram account handle from Fernandez. When Gonzalez met with Officer Copelin at the police station, he instructed her not to view the Instagram account before the lineup. She complied and assured him she had not seen his account prior to her arrival.

During the lineup, Gonzalez lingered on Goodson's photograph several times and soon disqualified others. After Gonzalez selected Goodson as her shooter, the officer returned to the room and asked Gonzalez to "pull up" the Instagram account she had previously given him. Gonzalez immediately recognized the pictures from the Instagram account as Goodson's.

The same day, Goodson was arrested, and a warrant was issued to search his apartment. Tallahassee police recovered a hoodie matching the description Gonzalez gave and an AR-15 behind the dryer machine. The firearm used in Gonzalez's shooting, however, was not recovered.

Goodson proceeded to a bifurcated trial and the jury returned a guilty verdict for both charges. He was sentenced to forty years in prison for attempted first-degree murder and fifteen years for possession of a firearm as a convicted felon, to run concurrently.

2

## I.

Before trial, Goodson moved to exclude evidence and testimony about having been on probation when he shot Gonzalez. The trial court denied the motion, concluding the evidence was relevant, its probative value was not substantially outweighed by its prejudicial effect, and not unnoticed collateral crime evidence pursuant to section 90.404(2)(d)1., Florida Statutes. We review the trial court's evidentiary ruling for abuse of discretion. *See Jones v. State*, 278 So. 3d 903, 904 (Fla. 1st DCA 2019) (citing *Bass v. State,* 147 So. 3d 1033, 1035 (Fla. 1st DCA 2014)).

"Discretion is abused only when no reasonable person 'would take the view adopted by the trial court,'" *Figueroa-Sanabria v. State*, 366 So. 3d 1035, 1048 (Fla. 2023) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). Here, we cannot say that.

At trial, it was established that Goodson had a likely motive to shoot Gonzalez—she desired to work for the Department of Corrections and Goodson was violating his probation terms in her presence. Accordingly, the court did not abuse its discretion in concluding that evidence of Goodson's probation status at the time of the shooting was relevant and probative to the jury's consideration of why Goodson would have shot Gonzalez.

## II.

Goodson also argues that the trial court erred in denying his motion to suppress Gonzalez's out-of-court lineup identification because the officer showed Gonzalez Goodson's Instagram account after the lineup. The trial court rejected Goodson's arguments, finding that a police officer cannot call into question the veracity of an out-of-court lineup identification *after* the lineup was concluded. We agree.

The scrutiny of an out-of-court photo lineup involves two questions. First, whether "the police employ[ed] an unnecessarily suggestive procedure in obtaining an out-of-court identification," *Grant v. State*, 390 So. 2d 341, 343 (Fla. 1980), and second, "if so, considering all the circumstances, did the suggestive procedure

give rise to a substantial likelihood of irreparable misidentification[.]" *Alahad v. State*, 362 So. 3d 190, 198 (Fla. 2023) (citing *Grant*, 390 So. 2d at 343). Moreover, when reviewing the "mixed question presented by a trial court's ruling on a motion to suppress an out-of-court identification" we apply the abuse of discretion standard of review. *See Alahad*, 362 So. 3d at 201 (citing *Sims v. Brown*, 574 So. 2d 131, 133 (Fla. 1991)). Here, we cannot say that the trial court abused its discretion in concluding that Gonzalez's lineup identification was not unnecessarily suggestive or likely to lead to an irreparable misidentification.

Nothing in the record before us shows Tallahassee police used suggestive tactics to lead Gonzalez to select Goodson as her shooter. The record shows that the appropriate procedure under section 92.70(3), Florida Statutes, was followed to ensure that an independent officer with no knowledge of the incident administered the lineup. We reject Goodson's argument that a police officer can impair the veracity of a lineup identification *after* the lineup has concluded.

Indeed, in *Rimmer v. State*, the supreme court found that an identification where a witness "had already selected appellant from the photo spread" when a detective made a suggestive comment was not improper. 825 So. 2d 304, 317–18 (Fla. 2002). The same is true here. The officer here did not show Gonzalez Goodson's Instagram photos until after she had identified Goodson as her shooter in the lineup.

Accordingly, we conclude that the trial court did not abuse its discretion in finding that Gonzalez's lineup was not unnecessarily suggestive, and we need not address the second prong of the inquiry. *See Rimmer*, 825 So. 2d at 316.

AFFIRMED.

B.L. THOMAS and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, John J. Knowles, Megan Lynne Long, and Pamela D. Presnell, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.