# Third District Court of Appeal

## State of Florida

Opinion filed March 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0360
Lower Tribunal No. F07-12440A

_____

**Ramon Pimental,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Ramon Pimental, in proper person.

Ashley Moody, Attorney General, and Michael W. Mervine, Chief Assistant Attorney General, for respondent.

Before MILLER, GORDO, and BOKOR, JJ.

PER CURIAM.

Denied.  See Pimental v. State, 301 So. 3d 944 (Fla. 3d DCA 2019); Pimental v. State, 187 So. 3d 1251 (Fla. 3d DCA 2016); Pimental v. Jones, 177 So. 3d 1270 (Fla. 2015); Pimental v. State, 195 So. 3d 383 (Fla. 3d DCA 2015); Pimental v. Fla. Dep't of Corr., 574 U.S. 980, 135 S. Ct. 473, 190 L. Ed. 2d 339 (2014); Pimental v. Fla. Dep't of Corr., 560 F. App'x 942 (11th Cir. 2014); Pimental v. State, 83 So. 3d 733 (Fla. 3d DCA 2011); Pimental v. State, 59 So. 3d 108 (Fla. 2011); Pimental v. State, 50 So. 3d 1148 (Fla. 3d DCA 2010); Pimental v. State, 20 So. 3d 1012 (Fla. 3d DCA 2009); see also Knight v. State, 286 So. 3d 147, 151 (Fla. 2019) ("Properly understood, the fundamental error test for jury instructions cannot be met where, as in this case, there was no error in the jury instruction for the offense of conviction and there is no claim that the evidence at trial was insufficient to support that conviction.  In such circumstances, one cannot plausibly claim that the conviction 'could not have been obtained' without the erroneous lesser included offense instruction or that the error vitiated the basic validity of the trial."); Marshall v. State, 240 So. 3d 111, 118 n.7 (Fla. 3d DCA 2018) (Generally, "appellate counsel cannot be ineffective for failing to predict future changes in the legal landscape that occur years after a defendant's sentence and conviction become final.").